MARY A. DANAHY *vs.* JOHN A. NOONAN, trustee, & another.

Suffolk.　March 19, 1900. — June 22, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Termination of Trust at Will of Cestui que trust.*

An active trust, requiring the exercise of discretion on the part of the trustee, is not to be terminated at the will of the *cestui que trust.*

BILL IN EQUITY, praying for the termination of a trust under the first clause of the will of James J. O'Brien, which is as follows : " All my property, real and personal, to my mother, Mary O'Brien, for the education and support of my daughter, Mary A. O'Brien." At the trial, before *Knowlton,* J., it appeared that Mary A. O'Brien, now Mary A. Danahy, and Edmund F. O'Brien were the only children of the testator, and that Edmund F. O'Brien had executed and delivered a deed of release to the plaintiff of all his interest, if any, under the will in and to the trust property. The judge reserved the case upon the pleadings and an agreed statement of facts for the consideration of the full court.

*J. L. Thorndike,* (*F. Rogers* with him,) for the plaintiff.

*J. A. Noonan,* for the defendants.

LATHROP, J.    Whether Mary A. O'Brien took the whole equitable estate by the will or acquired it later by the conveyance from her brother of any interest that he might have in the trust property is immaterial.    If her brother had any interest, it was subordinate to the trustee's right and duty to apply as much of the property as he deemed necessary to Mary A. O'Brien's support.    The acquisition of her brother's interest did not affect this paramount right and duty.    The trust is an active trust, requiring the exercise of discretion on the part of the trustee.    Therefore it is not to be terminated at the will of the *cestui que trust. Claflin* v. *Claflin,* 149 Mass. 19.    *Young* v. *Snow,* 167 Mass. 287.    *Bill dismissed.*