## STEPHEN A. HAYES, PETITIONER.

Middlesex, April, 1902.

*Voluntary Trust — Termination by Reconveyance.*

In this case Emeline Rice conveyed locus on November 10, 1899, to Frederic D. Merrill, " in trust for the purposes set forth in a certain instrument of even date." The declaration of trust was not recorded. April 4, 1900, Merrill, reciting the above deed to him from Rice and further reciting " which trust I have declined and do absolutely decline to accept," conveyed the premises back to Rice, and June 7, 1900, Rice conveyed to the petitioner. The unrecorded declaration of trust has been filed in this court and declares that the trustee " shall maintain, support and care for the said Emeline Rice during the term of her natural life, and upon her decease, pay the expenses of her funeral," take her to his own home and provide her there with a suitable room, food, clothing, etc., " and at her decease turn over whatever of her estate so conveyed may then remain in my hands and possession to her executors or administrators."

In making the reconveyance from the trustee to Mrs. Rice, the parties were attempting to get within the case of Loring *v.* Hildreth, 170 Mass. 328; but, as a matter of fact in this case the deed was delivered, and the trust accepted and partially executed, the trustee taking the settlor to his house and there supporting her for some time, and instead of a case of failure of trust, which was Loring *v.* Hildreth, this is a case of attempted revocation or determination.

The Examiner is troubled by the doctrine of the recent

cases of Young *v.* Snow, 167 Mass. 287, and Danahy *v.* Noonan, 176 Mass. 467. The principle of those cases, however, is that a court of equity will not interfere to determine the provisions of a trust once properly created capable of execution and not fully accomplished, especially against the will of any interested party, even though it be only that of the dead settlor. And so with revocation; as said by the Lord Chancellor in the old case of Villers *v.* Beaumont, 1 Vern, 100; " This Court will not loose the fetters he hath put on himself, but he must lie down under his own folly."

In this case, however, the aid of no court is invoked, and no one's rights are affected except those of the settlor herself. Just what would have happened if the trustee in Young *v.* Snow, instead of assenting that the trust should be terminated by the court, had conveyed the legal title to all the beneficiaries, it is perhaps useless to inquire. It may be that it could be said that the legal and equitable estates had not merged, because of the right of the dead man to make his will and have his will carried out, which the court there upholds.

The Examiner suggests that possible creditors or presumptive heirs of Mrs. Rice may be considered as beneficiaries under this declaration of trust. They are not so named, however, nor is there any implication of any trust for the benefit of anybody except the settlor herself. In Lovett *v.* Farnham it is said that " in this Commonwealth it is settled that a voluntary trust completely established, with no power of revocation reserved, cannot be revoked or set aside at the will of the person by whom and with whose property it was set on foot." But this is as against anyone having an interest, legal or equitable, thereunder. In Lovett *v.* Farnham, and in all of the cases therein cited, there were distinct equitable estates created. Lovett *v.* Farnham, 169 Mass. 1.

In both Young *v.* Snow and Danahy *v.* Noonan, *supra,*

there was a legal estate outstanding, with an interest or a duty attached thereto, which the holder could not be forced to part with. In the case at bar it may be questioned whether the trust was ever anything but a perfectly dry trust which the settlor had the right to revoke at any time, like the first draft of the trust-deed in Keyes *v.* Carleton, 141 Mass. 45. She had at all events the only interest in, the only rights over, and the full power of disposal of, the equitable estate. The holder of the legal title could, and did, convey that to her also. The estates merged, and the trust determined.

Decree for petitioner.