## HILL v. HILL *et al.*

No. 6289.    Opinion Filed May 18. 1915.

Rehearing Denied November 30. 1915.

(152 Pac. 112ϟ.)

1.    **APPEAL AND ERROR—Summons in Error—Waiver of Service —Appearance.**  Where, within six months from the date of petition in error being filed in the Supreme Court, defendants in error appear by their attorneys of record and oppose an application for a receiver, and afterwards, to avoid the appointment of such receiver, execute and file in said proceedings a bond to plaintiff in error, such acts constitute a general appearance in this court, and motion to dismiss for failure to have issued and served summons in error will be overruled.

2.    **WILLS—Testamentary Trust—Vesting of Title.**  H. died, leaving certain heirs and disposing of his property by will, wherein a trustee was named, to whom the real and personal property was conveyed, with directions to manage and control same until the youngest child should become of age, and to receive the rents and profits therefrom, and to apply the net income to the use and benefit of his wife and certain children, and upon the youngest child becoming of age to convey in fee the real estate in certain proportions to the living beneficiaries therein named, and making provision for the disposition of his personal property.  **Held,** that the will created a valid active trust, and that the title to the property passed to the trustee, and not to the beneficiaries.

3.    **TRUSTS—Active Trust—Termination—Agreement by Cestui Que Trust.**  Where an active valid trust was created by will, and three of the cestuis que trust are minors, and where the purposes of the trust are not impossible of fulfillment and are not fully accomplished, the cestuis que trust cannot, by agreement, terminate the trust, and thereby take title and possession of the property, prior to the time fixed by the terms of the will.

4.    **TRUSTS—Right to Enforce Execution.**  Any person having any interest in the trust or the trust property has a right to insist, in proper proceeding, that the trust shall be maintained and executed according to the wishes of the settlor, as expressed by the terms of the trust.

5.    **TRUSTS—Want of Trustee—Appointment to Fill Vacancy.**  Equity will not permit a trust to fail for want of a trustee, and where

the trust is not of such a nature that the performance of the duties thereof was confined to the testamentary trustee because of the peculiar and personal confidence reposed in him by the testator, but it appears that the main intention of the testator was that his estate should be administered according to the terms of the trust as created in his will, and that the duties thereof can be performed by a trustee other than the person named in the will, should a vacancy occur, the court may and should appoint a suitable person for that purpose.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by John Edgar Hill and others against James A. Hill and others. Demurrer by James A. Hill to application for judgment upon stipulation. Demurrer overruled, and James A. Hill brings error. Reversed and remanded, with directions.

*Jordan & Buie* and *Ledbetter, Stuart & Bell,* for plaintiff in error.

*Blanton & Andrews* and *A. F. Pyeatt,* for defendants in error.

HARDY, J. John T. Hill died September 25, 1912, leaving surviving him James A. Hill, a son by his first marriage, William Riley Hill, John Edgar Hill, Harry Vernon Hill, Susie Hill, Ude Polk (nee Hill), and Thomas J. Hill, children by his second marriage, and Mattie Hill, his wife, and Ruth Hill, a child by his third marriage, and leaving an estate consisting of real and personal property of the total appraised value of $72,048.42. Prior to his death he had executed a will, wherein A. R. Hickam was named as trustee, in which he devised his property to said trustee, with directions to manage and control the real estate, to rent and collect the rents thereon, until his youngest child should become of age, and then

to convey to the children then living the real estate, in the proportion therein named; and said will contained an additional stipulation that, in the event of the death of any of the heirs therein named, the part that would have fallen to said heir should be distributed according to the directions in said will, and contained the further provision for the disposition of the personal property and for the maintenance and education of the minors. This will was admitted to probate on February 7, 1913, in the county court of Garvin county, and letters testamentary were issued to the trustee therein named, who qualified and entered upon the discharge of his duties.

On April 24, 1913, certain of the heirs filed a petition in the district court of Garvin county, in which they sought to have said will declared void by reason of the trust provisions therein contained, and, failing in this, sought to have the property conveyed by said will declared to be the property of the deceased accumulated by him during coverture with his second wife, and as a result of the management and control of the property of the plaintiffs, and sought to have an accounting with the estate of said John T. Hill, and to have set aside and delivered to them from said estate such real and personal property as might be found to be due them. To this petition the executor and trustee, A. R. Hickam, and defendants Mattie Hill and Ruth Hill filed demurrers, challenging the sufficiency of the allegations in the fourth paragraph thereof; and defendant James A. Hill joined in the presentation of said demurrer. At the hearing upon the demurrers the same were sustained, and the trust provisions of the will held to be valid, and from the ruling of the court upon this demurrer an appeal was taken, and petition in error and case-made attached thereto were filed in this court on

July 13, 1913, being case No. 5411, and same is still pending and undisposed of. [Opinion by Supreme Court Commission, November 2, 1915; rehearing denied January 11, 1916. See 153 Pac. 1185.]

After the petition in error was filed in this court, certain steps were taken in the case in the district court of Garvin county, and on February 25, 1914, all the heirs except plaintiff in error filed in the district court of Garvin county application for judgment according to the stipulation therein contained, and upon the filing of this stipulation James A. Hill filed demurrer to said application, which demurrer was by the court heard on the 25th day of February, 1914, being the same day that said application and stipulation for judgment were filed, and said demurrer was by the court overruled, and exceptions saved, and appeal allowed said James A. Hill, and time granted in which to prepare and serve case-made, and said James A. Hill was required to enter into a bond in the sum of $500 to secure costs; but it was expressly stipulated in the order allowing the appeal that same should not interfere with the distribution of the estate of said John T. Hill in accordance with the judgment appealed from, and case-made was duly served, and with petition in error filed in this court on April 14, 1914.

At the threshold of this case we are confronted with a motion to dismiss this appeal, for the reason that summons in error was not issued and served upon all the defendants in error, or waiver thereof executed and filed in the case. The case-made shows defendants in error William Riley Hill, John Edgar Hill, Ude Polk, and A. R. Hickam, by their attorneys of record, or in person, signed a written waiver of the issuance and service of summons in error, while no waiver was executed or filed

on behalf of the other defendants in error. The order appealed from was rendered on the 25th day of February, 1914, and petition in error with case-made attached was filed in this court on April 14, 1914. The records of this court show that on April 16, 1914, plaintiff in error presented to this court an application for a receiver of the property involved pending this appeal and that on April 17, 1914, hearing was had in this court upon said application for receiver, at which hearing plaintiff in error appeared by his attorneys of record, and all of the defendants in error appeared by their attorneys of record and contested the said application for a receiver, and that an order was made requiring that defendants in error give a bond in the sum of $7,500, payable to plaintiff in error, conditioned that the principals therein, their heirs, executors, and administrators, should cause to be turned over and delivered to said plaintiff in error all property, including interest, rents, and revenues, that might be awarded to him on the final determination of this case, either in this court or the trial court, and that on April 27, 1914, there was filed in the office of the clerk of this court a bond in compliance with said order, with good and sufficient sureties, executed by all of the defendants in error required to do so. It further appears that on April 25, 1914, there was filed herein acceptance of service of motion to advance this case, which was duly signed by or on behalf of all of the defendants in error, and that thereafter this case was advanced and set for hearing at the October, 1914, term of this court, and that on October 21, 1914, briefs were filed on the merits on behalf of all the defendants in error, and that this case was orally argued by counsel representing all the defendants in error.

Undoubtedly, upon the record before us, the defendants in error have entered a general appearance in this case, and this would constitute a waiver of the issuance and service of summons in error, and would confer jurisdiction upon this court of said parties and of this case to the same effect as if summons in error had been duly issued and served with all the formalities required by the law. The motion to dismiss is therefore overruled, and the case will be disposed of on its merits.

The principal question presented is whether or not the beneficiaries under the will could, by agreement, do away with the trust and take the property immediately; plaintiff in error contending that by reason of the attempt so to do intestacy has resulted, while it is urged by defendants in error that under the terms of the will the beneficiaries therein named were entitled to the immediate possession of the property, as the effect of the will was to convey title directly to the heirs, and not to the trustee, and that this feature of the will was executed by the statute of uses.

Section 6655, Rev. Laws 1910, provides:

"Every person who, by virtue of any transfer or devise, is entitled to the actual possession of real property, and the receipt of the rents and profits thereof, is deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions as his beneficial interest."

Section 6657, Rev. Laws 1910, provides:

"Every disposition of real property, whether by transfer or will, must be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to any other, to the use of or in trust for such person; and if made to any person, to the use of or in trust for another, no estate or interest vests

in the trustee; but he must execute a release of the property to the beneficiary on demand, the latter paying the expense hereof."

Section 6662, Rev. Laws 1910, provides:

"Express trusts may be-created for any of the following purposes: * * * (3) to receive the rents and profits of real property, and pay them to or apply them to the use of any person, whether ascertained at the time of the creation of the trust or not, for himself or for his family, during the life of such person, or for any shorter term, subject to the provisions of article 2 of this chapter."

The conveying clause in the will is as follows:

"I give, bequeath and devise to A. R. Hickam, of Pauls Valley, Garvin county, state of Oklahoma, all my said estate, real, personal and mixed, of whatsoever nature and kind so ever, and wherever situate, that I may die seised or possessed of or to which I may be in any way entitled or interested. To have and to hold all of said real estate unto the said A. R. Hickam, his heirs and assigns forever, upon the trust and for the uses, interests and purposes hereinafter limited, described and declared."

The will then provides the proportion to which each of the beneficiaries therein named is entitled, and further directs the trustee "to take possession, management and control of said estate, and receive the rents, issues and profits therefrom, and to apply the net income therefrom to the use and benefit of my said wife and my said named children in the proportions aforesaid, during the term until my youngest child then living shall become of age," and as soon as practicable after that event to be conveyed in fee in the proportion therein set out; and the will further directs that of the personal property, after paying his funeral and testamentary expenses and all legal indebtedness,

one-third of the residue absolutely in kind shall be given to Mattie Hill, surviving wife, or the executor is directed to sell and dispose of the residue and to give to said wife, Mattie Hill, one-third of the net proceeds, in cash, at her option, and to pay to James A. Hill, a son, the sum of $1 and to cancel and deliver to him all evidences of indebtedness due and owing to the testator at the time of his death, and to pay to Ude Polk, a daughter, the sum of $1, and the residue thereof, upon the youngest child becoming of age, to be divided equally between the children then living. And it is further provided, in the event of the death of any of said children, without issue, before coming into possession of their shares under the foregoing provisions, that his or her share remaining in the estate be added in equal proportion to the shares of certain of the surviving children, but in the event of issue surviving, the said share shall go to the issue then living; and the power of the executor and trustee is further stated as follows:

"I hereby authorize and empower said trustee, A. R. Hickam, in the management of my estate, to rent any and all of said estate on any terms and in any manner as he in his discretion shall deem for the best interests of my estate, and to execute and deliver good and sufficient contracts therefor; and should the share of the rents and profits therefrom be insufficient to properly maintain and educate any of my said children, while minors, to draw on the share of such child and the proceeds of my personal property for such purpose, to the end that said minor children shall be maintained and educated according to their station in life in the judgment of said trustee."

If the foregoing provisions created an active trust, then the contention of the defendants in error that the title passed directly to the *cestuis que trust*, and there-

fore they were entitled to the immediate possession of the property and the rents and profits thereof, cannot be maintained. Under the terms of the statute above set out, a trust is executed when it was the intention of the testator by the terms of the will to transfer the title and the right to the possession and the profits to the *cestuis que trust*, and in such case the trust provisions in the will would be executed by the statute relied upon; but the will in question does not contain any such provisions, and no such intention can be imputed to the testator, nor can such construction be placed upon the terms of the will. On the contrary, it is very apparent that it was the intention of the testator that the title, possession, management, and control of the property should pass to and be vested in the trustee, with full power of management and control, and at the expiration of the trust period the duty was cast upon him by the terms of the will to convey the title to the beneficiaries then living. Rev. Laws 1910, section 6668. The rule is thus stated:

"Therefore, if any agency, duty, or power be imposed on the trustee, as by a limitation to trustee and his heirs to pay the rents or to convey the estate, or if any control is to be exercised or duty performed by the trustee in applying the rents to a person's maintenance, or in making repairs, or to preserve contingent remainders, or to raise a sum of money, or to dispose of the estate by sale, in all these, and in other and like cases, the operation of the statute is excluded and the trusts or uses remain mere equitable estates. So, if the trustee is to exercise any discretion in the management of the estate, in the investment of the proceeds, or the principal, or in the application of the income, or if the purpose of the trust is to protect the estate for a given time, or until the death of some one, or until division, or until a request

for a conveyance is made." 1 Perry on Trusts, section 305; 39 Cyc. 213, and authorities there cited; 2 Underhill on Wills, p. 1096; 2 Jarman on Wills, 293; 7 M. A. L. 235.

We are of the opinion that the will created an active trust, and that the trust was not executed by the statute of uses, and that there was not a direct conveyance of the title and right of possession, and of rents, to the *cestuis que trust,* and that the trust provisions of the will were valid as held by the court below, and that the persons named in the will were not entitled to the immediate possession of the property or of the rents and profits therefrom, save only through the administration of the trust created by the will.

The right of the beneficiaries in the will to strangle the trust provisions thereof by an agreement among themselves, and to take the property immediately, in the same proportion which they would have taken under the will, is urged upon the one hand, and, on the other hand, is met by the proposition that such an agreement, having been made, so far as the adults are concerned, became effective to avoid the trust provisions, and thereby caused intestacy to result, and the property to pass according to the laws of descent and distribution. It has been held that a court of equity, by virtue of its supervisory jurisdiction over trusts and trustees, has the power, in a proper case, to terminate an express trust, in whole or in part, before the expiration of the term for which it was created; but it is also held that the court will exercise this power only in exceptional cases, such as where all the objects and purposes of the trust have been accomplished, the *cestuis que trust* are all *sui juris,* and application is made by all of them, or where the trust is

impossible of accomplishment. The cases are rare, and belong to a well-defined class, where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent its entire failure. On the other hand, the court will not decree a termination when some of the *cestuis que trust* do not consent, or where the trust is still an active, continuing one, with some of its purposes unaccomplished, and not shown to be impossible of accomplishment. 2 Perry on Trusts, section 920; Underhill, Trusts and Trustees, pp. 370-375; 39 Cyc. 99; Lewin on Trusts, 684, 685; *Danahy v. Noonan et al.,* 176 Mass. 467, 57 N. E. 679; *Cowle v. Strohmeyer,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Cuthbert v. Chauvet,* 136 N. Y. 326, 32 N. E. 1088, 18 L. R. A. 745; *Olsen et al. v. Youngerman et al.,* 136 Iowa, 404, 113 N. W. 938; *Culbertson's Appeal,* 76 Pa. 145; *Ruggles v. Tyson et al.,* 104 Wis. 500, 79 N. W. 766, 81 N. W. 367, 48 L. R. A. 809; *Wood v. Wood,* 5 Paige (N. Y.) 596, 28 Am. Dec. 451.

This, then, brings us to the consideration of the question whether the agreement between the heirs to terminate the trust features of the will and divide the property would cause intestacy to result, and the property to descend under the statutes, and whether plaintiff would be entitled to share in the distribution of said property. We do not think this condition results. Section 6674, Rev. Laws 1910, provides:

"Where a trust in relation to real property is expressed in the instrument creating the estate, every transfer or other act of the trustees, in contravention of the trust, is absolutely void."

By this section of the statute the trustee is expressly prohibited from doing any act that would be in violation

of the terms of the trust, and an agreement by him with the heirs in this case to terminate the trust would be within the prohibition of the statute. In order for us to hold that the agreement between the beneficiaries, acquiesced in by the trustee, was valid, we would be compelled to ignore the plain mandate of the statutes, and to nullify the express intention of the testator as solemnly declared in his will, and the effect would be to substitute therefor an entirely different scheme of administration, and it would bring about a result wholly at variance with his desires, and would cause his property to pass to persons who had been excluded by him from participating in the distribution thereof. The trustee and the beneficiaries could not by the agreement entered into avoid the trust provisions, as is attempted to be done. An additional reason for so holding is the fact that three of the beneficiaries under the trust provisions are minors, and the trustee was directed, out of the rents and profits of their part of the real estate and of the personal property, to educate and maintain them; and these minors also have a future contingent interest in that part of the trust estate devised to the adult beneficiaries, which contingent interest would be destroyed if the agreement be upheld. We think the correct rule is that in case of a valid active trust, as in the case at bar, the trust features of the will are a main provision, and must be respected, and that the beneficiaries cannot lawfully take possession of the property in violation of the express provisions of the will providing that they shall take it at some future date. The purposes of the trust have not been accomplished. On the contrary, the trustee had scarcely entered fully upon the performance of his duties, and there is no apparent obstacle in the way of their

complete performance according to the will of the testator.
In fact, the only obstruction to its complete fulfillment
is the attempt of those to be benefited thereby, who, it
seems, are not inclined to acquiesce in the action of the
county court in admitting the will to probate and of the
district court in upholding its validity, but, on the con-
trary, seem possessed of a fixed determination to lay
hands on the property, in violation of the clear and plain
meaning of its testamentary provisions. While their con-
duct, perhaps, has by this time dissipated a part of the
assets of the estate, such conduct cannot justify a de-
struction of the trust, which was created for the express
purpose of withholding from these very litigants the
possession and control of the property they are so strenu-
ously seeking to obtain; and if we should lend our
assent to their attempt in this case, and stamp the same
with our approval, we would thereby crown with suc-
cess their efforts to strangle the trust, and establish a
precedent that would point the way and make it easy for
greedy and grasping heirs to thwart the desires of the
testator and accomplish with judicial approval the very
thing that was sought to be guarded against. Such a
precedent would render it impossible to settle an estate
upon any plan that would with any reasonable probability
be carried out according to the desire and scheme of the
settlor.

These views are sustained by the authorities hereto-
fore cited, and we therefore hold that the agreement to
terminate the trust and to divide the property according
to the terms of said agreement was in violation of the
statutes and was void, and that the judgment of the
court thereon could not and did not give it any validity,
nor create any rights in favor of any of the litigants, in-

consistent with or different from those rights created by the terms of the will.

Defendants in error contend that plaintiff in error has no such interest in the trust property as would authorize him to object to the decree rendered or entitle him to an accounting of the estate. It is ordinarily true that the right to require an accounting is limited to those having an interest in the trust or the trust property, and that persons who have no personal right or interest in the trust cannot demand an accounting or claim any other relief against the trustee. 39 Cyc. 465. But in this case the plaintiff in error has an interest in the carrying out of the trust. The trustee is directed to pay him $1, and to cancel and deliver to him all evidences of indebtedness owing by him to the estate. And, besides, this is not an action for accounting, but the plaintiff in error by this proceeding seeks to reverse a judgment which recognizes and holds as valid an agreement to avoid the trust, and to have this court by its order direct a compliance upon the part of the trustee and the beneficiaries with the terms of the trust created by the will. This proceeding was not begun by plaintiff in error, but, on the contrary, he was brought into a proceeding which had for its original purpose the destruction of the trust and a recovery of the property involved by the original plaintiffs in the case, and, having been brought into it, he undoubtedly has a right to be heard.

It is also urged that the trustee in the present case was clothed with trusts and duties of a peculiarly personal and confidential nature, and that, the trustee having resigned, the court will not assume to appoint a successor and administer the trust, as it is apparent from the will that these duties were imposed on the trustee by virtue

of the peculiar and personal confidence reposed in him by the settlor, but that the court should leave the estate vested in those designated by the terms of the trust. The trustee having accepted the office and duly qualified and entered upon the discharge of his duties, the title to the trust property vested in him. Section 6668, Rev. Laws 1910, is as follows:

"Except as hereinafter otherwise provided, every express trust in real property, valid as such, in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

The law does not permit the trustee, by an agreement with the beneficiaries, or by resignation, to divest himself of the title to the trust property, or to be relieved of his duties in the performance of the trust where there are minor children, as in this case; but this must be done by the decree of the court having jurisdiction of the trust estate and upon proper proceedings for that purpose (1 Perry on Trusts, sections 269-274), and if, upon a remand of this case, the trustee shall decline to act, upon proper proceedings in the district court he may be relieved of his trust and a successor appointed by the court. It is a rule that admits of no exception that equity never wants a trustee, or, in other words, that, if a trust is once properly created, the same will not be allowed to fail for want of one (1 Perry on Trusts, section 38); and the trust in this case not being of that kind which reposed in the trustee peculiar confidence and special discretionary powers as to carrying out the provisions of the trust, but specific directions being contained therein for the performance of his duties by the trustee and for the conveyance and disposition of the

property, the trust is not of such a nature that it could not be performed by another, nor can the court gather from the language of the instrument that it was the intention of the settlor that the performance of these duties should be exclusively confided in the trustee named; but, on the contrary, it appears to have been the principal intention of the settlor that his property should be managed and disposed of as directed. Under these circumstances, when the trustee is relieved of his duties, we think the authorities are uniform that the execution of the trust devolves upon the court, and a successor may and should be appointed to carry out the trust according to the intent and desires of the settlor. The authorities upon this proposition are collected in 47 Cent. Dig. title Trusts, section 222; 19 Am. Dig. (Dec. Ed.) title Trusts, p. 1677.

Being of the opinion that the agreement was ineffectual to terminate the trust, it therefore follows that the judgment of the court below should be reversed, and the cause remanded, with directions to the trustee to repossess himself of all of the trust property, and for further proceedings in accordance with this opinion.

All the Justices concur.