**KERNEL v. MURRELL et al.**

No. 16570—Opinion Filed Sept. 14, 1926.

Rehearing Denied Nov. 9, 1926.

(Syllabus.)

1. **Trusts—Validity of Quitclaim Deed from Cestui Que Trust to Trustee—Statute.**

Section 8480, Compiled Oklahoma Statutes 1921, in the absence of proof of a "transfer or other act of the trustee," is not applicable so as to make absolutely void a transfer by quitclaim deed executed by a cestui que trust in favor of the trustee.

2. **Same—Validity of Transactions—Burden of Proof.**

The burden of proof to show transactions between trustees and cestuis que trusts to be fair is cast upon the party who asserts their validity.

3. **Same—Requisites for Validity of Quitclaim Deed to Trustee.**

Where a cestui que trust transfers trust property to a trustee by quitclaim deed, it should appear that the grantor possessed full information and acted upon her own volition or with independent advice; that no advantage was taken by the purchaser; and to sustain such a transfer based upon a gift or benefit conferred without full consideration, the trust relation for the time must be completely suspended.

Error from District Court, Wagoner County; O. H. Searcy, Judge.

Action by Priscilla Kernel against Mary Murrell et al. seeking cancellation of a trust deed, a quitclaim deed, and for restoration of certain property. Judgment for defendants, from which plaintiff appeals. Reversed.

John C. Graves, for plaintiff in error.

Guy F. Nelson, for defendants in error.

RILEY, J. The plaintiff in error was plaintiff below, and as such filed her action in equity seeking cancellation of a trust deed, a quitclaim deed, and for restoration of property. The undisputed facts are as follows:

Plaintiff is a Creek freedwoman and is the daughter of Josephine Murrell, a Creek freedwoman, who received as part of her allotment of the lands of the Creek Nation the following described real estate, to wit: The southwest quarter of the southwest quarter of section 28, township 16 north, range 18 east, in Wagoner county, Okla.

Josephine Murrell died intestate in January, 1906, leaving surviving her as next of kin and only heirs at law three children, to wit: This plaintiff, Priscilla Kernel, nee Murrell, Jeff Murrell, and Lou Daisy Murrell. No administration was ever had. All debts, including funeral expenses, have been fully paid. By virtue of the laws of descent and distribution then in force, the plaintiff became the owner of an undivided one-third interest in the above described real estate, and the defendants Jeff Murrell and Lou Daisy Murrell likewise became the owners of an undivided one-third interest in said real estate. The plaintiff at the time of the death of her mother, Josephine Murrell, together with her said brother and sister and her father, resided upon said real estate and occupied it as the homestead of the family. The plaintiff was then ten years of age. Her brother and sister were younger than she.

After the death of Josephine Murrell plaintiff's father married the defendant Mary Murrell, and she thereupon became a member of the family. About a year thereafter plaintiff's father died, and after his death the plaintiff, her brother, and sister were at all times during their minority in the care and custody of said Mary Murrell, and continued to occupy the premises described as a homestead. A guardian was appointed by the county court of Wagoner county, who managed the estate of plaintiff during her minority. Plaintiff arrived at her majority on the 1st day of July, 1916. On the 29th day of June, 1916, upon the suggestion and advice of defendant Mary Murrell, the plaintiff went with said Mary Murrell to a farm house near the city of Wagoner. The plaintiff's estate at that time was of a value of $40,000. Plaintiff remained at the farm house until the morning of July 1, 1916, at which time she, with the defendant, went to the city of Wagoner, and there executed and delivered to the defendant Mary Murrell a deed of trust to her interest in the above-described real estate and to certain other real estate, and likewise executed and delivered a deed of trust to the remainder of her property to one T. C. Harrill, and thereafter plaintiff resided with the said Mary Murrell, and on the 12th day of March, 1917, executed and delivered a quitclaim deed conveying the above-described real estate to the defendant Mary Murrell. It is agreed that there was no monetary consideration paid for the execution of said instruments. On the 1st day of May, 1924, the plaintiff, relying upon the terms of said deed of trust and contending now that she was without knowledge of the quitclaim deed, demanded of the defendant Mary Murrell that she deliver to plaintiff her rights in the real estate in controversy. Jeff Murrell and Lou Daisy Murrell. having conveyed their interest in said real estate to the defendant Mary Murrell, disclaimed any interest in the action.

The question here presented is whether the conveyance of the real estate involved in this transaction was a valid conveyance or voidable at the option of the grantor.

It is contended by plaintiff that the execution of the quitclaim deed was in violation of section 8480, Compiled Oklahoma Statutes 1921, and for that reason the said deed is wholly void. The statute relied upon is as follows:

"Where a trust in relation to real property is expressed in the instrument creating the estate, every transfer or other act of the trustees, in contravention of the trust, is absolutely void."

The term of the deed of trust is as follows: "forever, but in the event of death of either party hereto this trust shall immediately terminate."

As we construe section 8480, supra, the same does not govern nor apply to the case at bar, for the reason that the statute specifically controls "every transfer or other act of the trustee." It cannot be said herein that the execution of the quitclaim deed was a direct act of the trustee, for that conveyance was made and executed by the beneficiary or the cestui que trust.

In Hill v. Hill, 49 Okla. 424, 152 Pac. 1122, cited, the trust was created by a testator. The trustee derived his trust by virtue of a will. There certain of the beneficiaries and the trustee agreed to a conveyance of the property to the beneficiaries in express violation of the trust. That case is easily distinguished from this, for here there is no expressed agreement or transfer on the part of the trustee.

We, therefore, hold that the quitclaim deed is not absolutely void. It may be voidable. The law looks with suspicion upon transactions between trustees and beneficiaries, and when the cestui que trust sells trust property to the trustee the burden is placed upon the grantee or trustee to whom such transfer is made to show that the grantor or cestui que trust was in possession of full information and acted upon her own volition or independent advice and free from all influence of the grantee or trustee to whom such transfer is made. Perry on Trusts, vol. 1, par. 428; Leiper v. Ranson, 2 Cold. (42 Tenn.) 511.

Smith v. Townsend, 28 Md. 368, 92 Am. Dec. 637, announces the rule to be as follows:

"* * * And it must appear that the latter (cestui que trust) has the fullest information concerning the transaction and the trust, and that no advantage is taken by the purchaser of information acquired by him in the character of trustee."

In the beginning we have the plaintiff under the dominion of the defendant and bearing the relation of foster parent and child. Again, by reason of the trust deed, we have an acknowledgment on the part of the parties that the plaintiff does not possess the experience and ability to manage her own affairs, and by that instrument the judgment and business sagacity of defendant is interposed for the weaknesses of the plaintiff. Then , upon the approach of plaintiff's majority, we have a hurly-burly, a hiding out of plaintiff for fear of grafters who sought her

land, and a hasty execution of conveyances in trust on the very day of her majority; and in these transactions the foster mother was a prominent and conspicuous character; and last, there is a conveyance by quitclaim deed executed eight months after the deed of trust and directly opposed in purpose and intent to the trust deed, which constitutes the transaction one without rational design, and the same was without monetary consideration.

Everyone of these acts and deeds, under the circumstances, would of themselves cause such transaction to be viewed by the courts with jealous and scrupulous care, in order that the use of arts, strategems, overreaching, or undue means might, if present, be detected.

To restate the conditions here we have:

(1) An inferior person in business experience.

(2) A parental relation.

(3) A fear of fraud.

(4) Haste.

(5) A gift.

(6) A conveyance in repudiation and opposition to the former deed of trust.

When all of these relations are present, we must view the transaction with a precaution increased just sixfold, always remembering that in this case the burden is on the defendant to show the greatest degree of good faith (Turner v. Burton, 101 Okla. 251, 225 Pac. 368) ; and the most ample and convincing proofs of fairness of the transactions, and possession of full information, knowledge and intentional action on the part of the beneficiary, after competent and independent advice and with all deliberate consideration and a rational design (Pomeroy's Eq. Jur., section 955; Story's Eq. Jur., sections 307, et seq.; Nichols v. McCarthy, 53 Conn. 299, 55 Am. Rep. 105).

Bearing upon rational design, or subhead No. 6, supra, Story's Eq. Jur. (12th Ed.), vol. 1, 316, says:

"In short it may be laid down as a general rule that a trustee is bound not to do anything which can place him in a position inconsistent with the interest of the trust, or which has a tendency to interfere with his duty in discharging it."

As to the gift feature, or No. 5, Pomeroy's Eq. Jur. (3rd Ed.) vol. 2, section 959, says:

"The doctrine is enforced with the utmost stringency when the transaction is in the nature of a bounty conferred upon the trustee—a gift or benefit without full considera tion. Such a transaction will not be sustained, unless the trust relation was for the time being completely suspended, and the beneficiary acted throughout upon independent advice, and upon the fullest information and knowledge."

Under our view of the case, from a review of the testimony, we think the defendant failed to discharge the burden imposed upon her, and that the judgment is against the clear weight of the evidence, and the same should be, and is hereby reversed, with directions to cancel the quitclaim deed, and by reason of the breach of trust to vacate and cancel the deed of trust and to render such other equitable relief to which the plaintiff may be entitled in conformity with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, PHELPS, and CLARK, JJ., concur. HUNT, J., not participating.