James William PIPKIN and Frances Lem Pipkin Higgins, Plaintiffs in Error,

v.

Marshall Woodrow PIPKIN, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, Defendants in Error.

No. 39404.

Supreme Court of Oklahoma.

March 6, 1962.

Rehearing Denied April 17, 1962.

Marion R. Wells, Seminole, for plaintiffs in error.

J. T. Criswell, Prague, for defendants in error.

HALLEY, Justice.

The parties occupy the same position in this Court that they did in the trial court and for convenience will be referred to as plaintiffs and defendants.

Plaintiffs and defendants are the surviving children of their mother, Mrs. B. V. Pipkin, who died on or about the 8th of October, 1957. She left a will which has been admitted to probate in Seminole County, Oklahoma. In this will she left

an undivided one-sixth of her estate to Wade Lemal Pipkin, a son, and a like amount to Marshall Woodrow Pipkin, another son. She then set up a testamentary trust whereby she left to the aforementioned sons an undivided four-sixths interest of her estate to be held in trust for the use and benefit of her four other children who were James William Pipkin, a son, Gerva Vera Pipkin Anderson, a daughter, Ruth Elizabeth Pipkin Roberts, a second daughter, and Frances Lem Pipkin Higgins, a third daughter, in equal shares. This four-sixths interest was to be held in trust upon the terms and conditions, for the uses and purposes and with the powers and duties set out in the will as follows:

"1) To hold, possess, manage, and control the said trust estate and every part thereof, with full power to sell, transfer, convey and dispose of the same upon such terms and in such manner, and for such prices as said trustees shall deem meet and proper, and I give and grant unto said trustees full power and authority to invest and reinvest all money which may come into their hands in such manner and in such securities or other property, personal or real, and upon such terms and for such length of time as to said trustees shall seem right and proper, it being intended hereby to give unto said trustees full and complete authority to hold, possess, manage, control, sell, convey, encumber, lease for either agricultural or oil and gas or other mining purposes, invest and reinvest the whole and every part of said trust estate, according to their sole judgment and discretion, without any limitation or restriction upon their power and authority so to do.

"2) Said trustees are hereby given power and authority to expend from time to time so much of the income and of the principal of said trust estate as to them shall seem meet and proper for the comfort, maintenance, and support of the said James William Pipkin, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, and Frances Lem Pipkin Higgins, or for the bodily issue of the said James William Pipkin, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, and Frances Lem Pipkin Higgins. Provided further, that said trustees pay, in their sole discretion, convey, transfer and deliver unto the said James William Pipkin, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, and Frances Lem Pipkin Higgins any portion or all of their undivided interest in the said trust estate at any time the said trustees in their sole judgment, deem it proper so to do, but nothing herein shall be construed to require said trustees to convey, transfer, or deliver all or any portion of said trust estate to the said James William Pipkin, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, and Frances Lem Pipkin Higgins, and nothing herein shall be construed to give any third party any rights in and to said trust estate.

"3) In the event of the death of James William Pipkin, or Gerva Vera Pipkin Anderson, or Ruth Elizabeth Pipkin Roberts, or Frances Lem Pipkin Higgins, before the termination of the trust the balance, residue, and remainder of that deceased child's, or children's interest in the said trust property shall be held in trust by the said trustees, Wade Lemal Pipkin and Marshall Woodrow Pipkin, for the bodily issue, share and share alike, of the said deceased child, or children, subject to the terms and conditions of this trust.

"4) I hereby direct and provide that no part of the principal or of the income from the said trust fund, hereinabove created for the benefit of my said children James William Pipkin, Gerva Vera Pipkin Anderson, Ruth Elizabeth Pipkin Roberts, and Frances Lem Pipkin Higgins, shall ever be

liable in any way for any debts that any one of them may at any time contract, or for any debts that any of them may have contracted, and shall never be liable for any other claim of any kind against them.

"5) In the event of the death of one of the trustees hereinbefore designated, I hereby authorize and direct the surviving trustee to act in all matters and things provided for herein as the sole trustee of the trust herein created.

\* \* \* \* \* \*

"IV

"I hereby state that I have given careful consideration to the rights and needs of all my beloved children in making the provisions herein set out for them, and it is my desire that the trust created herein be carried out by the trustees to the best of their ability, having perfect confidence in their integrity and ability."

Wade Lemal Pipkin died before his mother so Marshall Woodrow Pipkin was sole surviving trustee.

James William Pipkin and Frances Lem Pipkin Higgins brought this action to interpret their mother's will and to hold the trust provisions invalid and without force and effect. They made their brother and the other two sisters defendants. The defendants, Marshall Woodrow Pipkin and Gerva Vera Pipkin Anderson filed answers. Ruth Elizabeth Pipkin Roberts did not enter an appearance in the case. The cause was tried and at the close thereof judgment was entered for the defendants, the pertinent parts of which are set out:

"The plaintiff then proceeded with the introduction of the testimony of witnesses and rested, at the close of which defendant interposed a demurrer to the evidence and objection to the jurisdiction of the court, which was by the court then and there overruled and exceptions noted and allowed, and thereupon the defendants proceeded with the introduction of testimony of witnesses and rested and the court heard argument from both sides. The court then took the matter under advisement until the 12th day of August, 1960."

"And now this 12th day of August, 1960, the Court being well and fully advised finds, orders and decrees that it was the implied and obvious intent of the trustor, B. V. Pipkin, that the trust estate last only through the life of her appointed trustee, Marshall Woodrow Pipkin, and that it should ultimately be distributed to the beneficiaries, James William Pipkin, Gerva Vera Pipkin now Anderson, Ruth Elizabeth Pipkin now Roberts, and Frances Lem Pipkin now Higgins, at the death of the said Marshall Woodrow Pipkin, if not done so sooner at the discretion of said trustee or by the prior death of the named beneficiaries; that if necessary, the trust terms can be and are so amended without doing injury to the trust, to effectuate the intent of the maker."

"Therefore, judgment is rendered for the defendants, and against the plaintiffs, with exceptions allowed the plaintiffs."

From that judgment the plaintiffs appealed setting up three grounds for reversal which are:

"(1) The provisions of the purported trust are so indefinite and uncertain that the same is not capable of being carried out.

"(2) The provisions of the purported trust if permitted to stand would give the trustee unbridled discretion.

"(3) The provisions of the trust if permitted to stand are wholly violative of the rule against perpetuities."

■ Propositions one and two are presented together. With the plaintiffs' contention on these two points we cannot agree. To us the testamentary trust here under consideration is quite definite and there is no reason why it cannot be carried out in toto.

We do not agree that this trust would give the trustee unbridled authority. In fact the powers that are given a trustee by 60 O.S.1961 § 171 and § 175.24 are sufficiently broad to give the trustee full power to handle the estate in the manner provided in the will creating the trust.

The plaintiffs have cited numerous authorities to sustain their position but we do not think they are applicable to the case at bar. They rely on the case of Seran v. Davis, 174 Okl. 433, 50 P.2d 662, but that case is not of any help here. It involved an insurance policy where the beneficiary had been changed from a wife to another person who was to act as a trustee. There are no marks of similarity between that case and this one here.

We think that the following sections of our statutes cover the creation of a testamentary trust, 60 O.S.1961 § 171, § 175.6 and § 175.24, which last two sections are in the Oklahoma Trust Act, adopted in 1941. There is no question that here we have an express trust created by will. The powers granted to the trustee are no greater than provided by statute. In First National Bank of Wichita Falls, Trustee, v. W. F. Stricklin, Guardian, Okl., 347 P.2d 652, we discussed some of the powers of a trustee. This matter also had the attention of the Court of Appeals, 10th Circuit in Williams v. Nylund, 268 F.2d 91. See also the comprehensive article by Professor Rarick in 8 Oklahoma Law Review, p. 176.

We think Hill v. Hill, 49 Okl. 424, 152 P. 1122; Hill v. Hill, 54 Okl. 441, 153 P. 1185; Riley v. Collier, 111 Okl. 130, 238 P. 491, and numerous other cases by us are authority to sustain the trust we are considering.

██ The plaintiffs' third proposition was that the attempted trust was in violation of the rule against perpetuities. We do not think so. The common law rule against perpetuities is defined in Webster's 3rd New International Dictionary as follows:

A rule at common law that makes void any estate so limited that it will not necessarily take effect or vest within a life or lives in being at the time of the creation of the estate and 21 years thereafter with the addition of the period of gestation in the case of a person entitled to the estate being conceived but unborn.

The rule fixed by statute in Oklahoma is against suspension of alienation and is 60 O.S.1961 § 31:

"The absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition, except as provided in Section 6608. R. L.1910, § 6605."

The trust in this case provided that the trustee had the full power to sell, transfer, convey and dispose of the trust estate for such price as he deemed meet and proper. With such a provision we see no suspension of the power of alienation. We have not passed on this exact point but the Supreme Court of Missouri had this identical question before it in Trautz v. Lemp, 329 Mo. 580, 46 S.W.2d 135, and held that where testamentary trustees have unlimited power to sell trust property, there is no unlawful restraint on alienation. To us this is a sound rule and we adopt it. We quote from that opinion as follows:

"Contention is made that the indeterminate period preceding the termination of the trust will result in an unlawful restraint upon alienation of the trust property.

"The will gives both the executors and the trustees unlimited power to sell and convey all of the trust property. Where the trustees have power to sell the trust property within the time limited by the rule against perpetuities, there is no unlawful restraint on alienation. 21 R.C.L. 336. There are other reasons why the will does not amount to an unlawful restraint on alienation of the trust property, but, as the reason mentioned necessarily deter-

mines the question, we will not discuss other reasons."

See also 70 C.J.S. Perpetuities § 27.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON and BERRY, JJ., concur.