BENJAMIN E. HOYT *vs.* EMILY A. JAQUES & another.

Essex.  Nov. 5, 1879. — Sept. 7, 1880.  COLT & AMES, JJ., absent.

A devise of so much of the testator's estate as may be sufficient for the maintenance of the devisee during his life, "he having full power to sell and convey any and all of my real estate, at any time, if necessary to secure such maintenance," does not give to the devisee the right to mortgage the estate in fee.

WRIT of entry, against Emily A. Jaques and John Harriman, to foreclose a mortgage of land in Haverhill. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Pitman, J.,* who ruled, as matter of law, that the tenants were entitled to judgment, and reported the case for the determination of this court. If the ruling was incorrect, the case was to stand for trial; otherwise, judgment to be entered for the tenants. The facts appear in the opinion.

*W. H. Moody*, for the demandant.

*J. P. Jones*, for the tenants.

MORTON, J.   The demandant claims title to the demanded premises under a mortgage to him made by John Harriman. The premises were formerly the separate estate of Mary Anne Harriman, the wife of John.   She died leaving a will, of which the second clause is as follows: " I give, devise and bequeath to my said husband and executor so much of any and all my estate, whether real or personal, of which I may die seised or possessed, as may be sufficient for his comfortable maintenance and support for and during the term of his natural life, he having full power to sell and convey any and all of my real estate, at any time, if necessary to secure such maintenance."   The third clause gives the rest and residue of her estate to her daughter, Emily A. Jaques, one of the tenants.   The husband of the testatrix did not, before her death, give his written assent to the will or its provisions; and the tenants contend that it was invalid, so far as it affected John Harriman's right as tenant by the curtesy. But the want of such assent did not render the will wholly void. *Burroughs* v. *Nutting*, 105 Mass. 228.   And we have not deemed it necessary to consider whether the acts of the husband after her death, in proving the will and accepting its provisions in his favor, were or were not a waiver of his rights as tenant by the curtesy and an election to take under the will, because it is not material to the decision of this case.   If, after the death of his wife, the only interest of Harriman was a tenancy by the curtesy, he was divested of that interest by the levy of the execution against him in favor of Eben S. Flint and others, his judgment creditors.   The levy and set-off to said judgment creditors having been made before the mortgage to the demandant, it would follow that the demandant took nothing by his mortgage.   If, on the other hand, Harriman took under the will, it is clear that, upon the true construction of the second clause, he did not take any greater estate in the premises than a life estate, with a power to sell the whole or any part, if it was necessary to secure to him a comfortable maintenance and support.   *Gibbins* v. *Shepard*, 125 Mass. 541.   *Paine* v. *Barnes*, 100 Mass. 470.

The question then arises whether this power to sell for the purpose of support includes a power to make a mortgage in

fee. In the ordinary case of a power " to sell and convey " land, given by a principal to his attorney, it is clear that the attorney would not be authorized to mortgage the land. *Wood* v. *Goodridge*, 6 Cush. 117. The two transactions of a sale and a mortgage are essentially different. A power to sell implies that the attorney is to receive for the benefit of the principal a fair and adequate price for the land; a power to mortgage involves a right in the attorney to convey the land for a less sum, so that the whole estate may be taken on a foreclosure for only a part of its value. So, under a will, a trust with a power to sell *prima facie* imports a power to sell " out and out," and will not authorize a mortgage, unless there is something in the will to show that a mortgage was within the intention of the testator. 2 Perry on Trusts, § 768.

It has been held that, where the sole object and purpose of the testator in conferring the power was to pay debts or a particular specific charge upon the estate, and the estate itself is devised subject to that charge, such power to sell may authorize a mortgage; but where it appears from the will that the intention of the testator was to sell the estate and convert it absolutely, a mortgage by the donee of the power is void. *Ball* v. *Harris*, 4 Myl. & Cr. 264. *Stroughill* v. *Anstey*, 1 DeG., M. & G. 635. *Haldenby* v. *Spofforth*, 1 Beav. 390. *Page* v. *Cooper*, 16 Beav. 396. *Devaynes* v. *Robinson*, 24 Beav. 86. *Bloomer* v. *Waldron*, 3 Hill, 361.

In the case at bar, the power given to the life tenant is " to sell and convey any and all of my real estate, at any time, if necessary to secure such maintenance." This language does not in its terms import a power to mortgage; and we find in the will no decisive indications that the testatrix intended to use it in any other than its natural and obvious meaning. Thus used, it gives the husband the power to sell and convey for a fair price any or all of the real estate, if necessary for his comfortable support, but it does not give the right to mortgage the estate for a part only of its value. The intention appears from her language to have been that her husband, if it became necessary for his support, might sell the real estate and convert it " out and out," and not that he might at his discretion charge it with incumbrances and liens.

Upon the whole case, therefore, we are of opinion that, whether John Harriman took as a tenant by the curtesy or under the will, the demandant's mortgage deed conveyed nothing to him; and that the ruling was correct.     *Judgment for the tenants.*