### GEORGE O. KENT *vs.* DANIEL T. MORRISON.

Essex. November 7, 8, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise of Life Estate — Power to mortgage — Guardian.*

A testator, by his will, devised to his wife his entire estate, "giving her full power to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper"; and at her death the remainder, "not specifically disposed of by her," was to be used for the benefit of his two sons. *Held,* that the wife took a life estate with an absolute and unrestricted right to convey the real estate, including the power to mortgage the same; and that after she had been adjudged insane, her guardian might, under the Pub. Sts. c. 139, § 36, and c. 140, § 11, mortgage the estate in fee.

---

BILL IN EQUITY, filed in the Superior Court, to secure the discharge of certain mortgages alleged to be a cloud upon the plaintiff's title. Hearing before *Dewey*, J., who dismissed the bill, and reported the case for the determination of this court, in substance as follows.

Joshua C. Kent died on July 10, 1872, leaving a will, which, with the exception of parts merely formal, was as follows:

" Second. I give, devise, and bequeath to my beloved wife, Mehitable Kent, all the estate, both real and personal, that I die seised and possessed of, giving her full power to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper.

" Thirdly. After the decease of my said wife all that remains of my estate, not specifically disposed of by her, is to be used for the benefit of my two sons, Joshua Kent and Oscar F. Kent, their heirs and assigns, and my request is that some suitable person may be appointed trustee to receive and take charge of said estate, which is to be used for their benefit as said trustee may think proper."

The testator's wife survived him, and was duly adjudged insane, and a guardian was appointed for her, in January, 1884. One of the testator's sons, Joshua, died in 1879, never having been married, and Oscar F., who was divorced from his wife in 1881, died in 1884, leaving one child, the plaintiff. The widow continued to occupy the real estate of which the testator died seised, and the guardian at different times, to raise money for her proper and reasonable support, mortgaged such real estate in fee, under license duly obtained of the Probate Court, to the defendant, which mortgages are subsisting and undischarged. After the death of the widow, the plaintiff took possesssion of the real estate as the sole surviving heir of the testator, and contended that the mortgages were void, and should be discharged as a cloud upon his title.

*W. L. Thompson*, for the plaintiff.

*E. T. Burley*, for the defendant.

FIELD, C. J. The general principle applicable to this class of cases is, that, when it appears that the testator intended to give to the devisee absolutely a fee simple in real property, the

testator cannot attach to it a quality or condition which in law is inconsistent with such an estate. The testator cannot say that, although the devisee shall hold the property absolutely in fee simple after it has vested in him, yet if he does not convey it in his lifetime, or devise it by will, it shall not descend as his property, but shall be considered as the property of the testator, and shall pass as a part of the testator's estate. If, however, the estate given to the devisee is only for his life, although coupled with a power in the devisee of disposing of the fee, either by deed or will, or both, then if this power is not executed, the remainder in fee after the termination of the life estate is a part of the estate of the testator, and will pass under the will of the testator, or, if there are no provisions in the will affecting it, will descend as the real estate of the testator.

The first real difficulty in this case is in determining what construction shall be put upon the words of the will. Taking all the words together which relate to this devise, we are of opinion that it was not the intention of the testator to give to his wife a fee simple in his real property. There are no words describing the estate given, which are technically words of inheritance ; a power to sell and convey the property in fee is expressly given, which would be unnecessary if the testator intended to devise the property in fee ; and the power given is a power to sell and convey by deed, which, by implication, excludes any power of conveying the property by will, and such a restriction upon the power of disposition is inconsistent with an estate in fee simple. All the words of the will are satisfied by holding that Mrs. Kent took an estate for her life, with a power of conveying the fee by deed. *Kelley* v. *Meins*, 135 Mass. 231. *Damrell* v. *Hartt*, 137 Mass. 218. *Welsh* v. *Woodbury*, 144 Mass. 542. *Joslin* v. *Rhoades*, 150 Mass. 301. *Copeland* v. *Barron*, 72 Maine, 206.

It has been argued that, if she took only an estate for her life, with a power to convey the fee by deed, she could not have conveyed it by a deed of mortgage, but only by an absolute deed. When the intention in giving the power is that real estate may be converted out and out into money, such a power does not authorize a mortgage. Where a life estate was given for maintenance, with a power " to sell and convey any and all of my real

estate if necessary to secure such maintenance," it was held that it did not authorize a mortgage. *Hoyt* v. *Jaques*, 129 Mass. 286. The power in the present case is " to sell and convey the same by deed (part or all of it), and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper." This is a power to sell for any purpose, and to use the proceeds in any manner the devisee may think proper. Under it the devisee may sell all or any part of the real property, and make the proceeds her own, whether necessary for her support or not. Such a power is as ample as that of an owner, only it must be executed by deed. It is an absolute and unrestricted power to sell for the benefit, and in the discretion, of the devisee of the power, and we think that this includes a power to mortgage. See *Zane* v. *Kennedy*, 73 Penn. St. 182 ; *Loebenthal* v. *Raleigh,.* 9 Stew. 169.

The remaining question is whether such a power could be executed by the guardian of Mrs. Kent, under a license from the Probate Court, for the purpose of raising money for her support, she having been adjudged insane. The Pub. Sts. c. 140, § 11, provide that " the Probate Court may on petition of a guardian, and if after due notice and hearing thereon it appears to be necessary or expedient, authorize such guardian to mortgage any real estate of his ward." The Pub. Sts. c. 139, § 36, provide that, " when property, rights, or benefits given by will or by provision of law depend upon the election, waiver, or other act of a person incompetent by reason of insanity or minority to exercise or perform the same, the guardian of such person may make such election or waiver, or perform such act." Without considering whether the first of these provisions, standing alone, would authorize the guardian to execute mortgages of the fee, and not merely of the life estate, we are of opinion that the execution of the mortgages made in this case was authorized by the last of these provisions taken in connection with the first. The mortgages, therefore, are valid ; and as the bill is brought only for the purpose of having them discharged as a cloud upon the title, the bill must be dismissed.

*So ordered.*