CASE 10—PETITION ORDINARY—MARCH 12.

## Malona, &c. v. Schwing, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. JUDGMENT IN BAR.—Where by an agreement between parties the court reserves its decision as to certain matters in controversy between them, that judgment can not be plead in bar in a subsequent action involving those questions.

2. PLEADING.—Where the sole purpose of an action is to quiet title to land, the petition is fatally defective unless it alleges that plaintiff was in possession of the real estate and that defendant's claim was hostile to that of plaintiff; but in this action a construction of the will under which both parties claim was also sought, and as the answer put in issue the claim of the parties, the judgment will not be reversed because of the defects in the petition.

3. JUDGMENT IN BAR.—While a judgment is conclusive as to property involved in the action, and as to all who were parties thereto, it is not a bar to a subsequent action involving other and additional property and many different parties.

4. WILLS—CONSTRUCTION—DEFEASIBLE FEE.—Under the provisions of a will that "if any of my children shall die without children living at the time of his or her death, the estate or property devised to such children shall go to the survivor or survivors" the children take a defeasible fee in the property, and upon the death of one of them without living children the property would pass, under the provisions of the will, to the surviving brothers and sisters.

C. B. SEYMOUR FOR APPELLANT.

WM. McKEE DUNCAN, SAM'L JOHNSTON AND E. E. McKAY FOR APPELLEES.

(Records and briefs not in office.)

JUDGE GUFFY, DELIVERED THE OPINION OF THE COURT:

This action was instituted by the appellees, Schwing, &c., in the Louisville Law and Equity Court, against James Malona and numerous other defendants.

It is alleged in substance in the petition that one James Malona departed this life, leaving a last will and testament, which was duly probated, leaving a large estate in Louisville, which was afterwards divided pursuant to a judgment of said court rendered in suit No. 19,777, in which James Malona was plaintiff and Josephine Schwing (late Malona), &c., were defendants, and that the following real property was set apart and conveyed to this plaintiff, viz: "The north part of the three-story house and lot on the east side of Seventh street, between Chestnut and Broadway; also the south part of the three-story house on the east side of Seventh street; also a lot on the south side of Broadway; a lot on same street."

It also appears from said petition that the plaintiffs, Schwing,

James Malona and Artimesia Malona, were the only heirs of the testatrix, and that she was married to one Leatherman and died without issue.

It is also substantially alleged in the petition, that the defendants are claiming some interest, contingent or otherwise, in the real estate aforesaid under the will of James Malona, and they are called upon to assert their claim or be forever barred. It is also claimed that the plaintiff, Josephine, is invested with the fee simple title to said real estate. Plaintiffs finally prayed for a construction of the said will and for a sale of the real estate, and that plaintiff be adjudged entitled to the proceeds absolutely.

The defendants, Wm. Malona and others, demurred to the petition, which demurrer was overruled by the court. The defendant James Malona, who is a brother of plaintiff answered and conceded that plaintiff had a fee simple title to the real estate that she acquired as heir of their deceased sister, Artimesia, under the will aforesaid, but denied her fee simple title to the other lots, and claimed that in the event of the death of his sisters without issue alive that the realty would descend to him in fee.

He also in substance pleaded and relied upon the opinion of this court, delivered in February, 1880, upon an appeal from the judgment of the Louisville Law and Equity Court, rendered in suit No. 28,506, wherein he was plaintiff and wherein the plaintiff herein and his co-defendants were defendants, and claimed that the subject-matter of and questions involved were the same and pleaded the same in bar.

It appears from the record that by agreement between the brother and sister the court below reserved its decision

as to the controversy between them, hence that issue need not be further considered.

Appellants answered and claimed an interest in the real estate in controversy in the event of the death of the said brother and sister without issue, stating facts tending to show that such would most likely be the case. Their claim is by virtue of the eleventh clause of the will of James Malona. The clause reads as follows:

"11th. It is my will that the property devised to my daughters shall be for their separate use, independent of any husband they may have, and if any of my children shall die without a child living at the time of his or her death, the estate and property devised to such child shall go to the survivor or survivors. And in case of the death of any child who shall be the heir of such child of mine under the age of twenty-one years and unmarried, and without a child living at the time of the death, the property herein devised, which would come to such child, shall go to the survivor of my children or grandchildren or to both, the grandchildren taking equally with each other. In case of the death of my children and any children they have, in the defect of children, as before mentioned, the property devised shall then go to the children of my brother Benjamin, except H. D. Malona and Mary Wright, and to the children of my sister, Elizabeth Hedden, and my sister, Mary Green."

The court below adjudged in effect that appellants took nothing under the will aforesaid, and adjudged a sale of the property that descended to plaintiff from Artimesia Leathers, and from that judgment so holding, and, so adjudging,

appellants have appealed and assign several reasons for a reversal.

Appellants insist that the petition is insufficient because it is not alleged that plaintiff was in possession of the real estate, and because it was not alleged that defendant's claim was hostile to that of plaintiffs, and because no reason was given for a sale.

If plaintiff held the property in fee it seems to us that defendants could not complain of the judgment of sale, even if unauthorized by law. It may be conceded that the petition was fatally defective if the sole object was to quiet title; but a construction of the will of James Malona was also sought, and as the answer put in issue the title and claim of the parties we are not inclined to reverse on account of the errors or defects above mentioned.

The will of James Malona, properly understood and construed, determines the rights of the parties, and the contention of appellees is that this court, in the opinion and judgment pleaded, settled that question, and that that decision is conclusive of the question and was also the proper construction of the will.

The contention of appellant is that the opinion in no way affects the issues in this case; that it can not be a bar to appellants' claim, and, besides, did not properly construe the said will, and is not at all binding on this court.

It may be conceded that the judgment in case 28,506, pleaded and relied on by appellees, is conclusive as to the property involved in that suit as to all who were parties thereto and also as to all who might claim under the will in contest, but the present suit involves other property and

many different parties; hence we are of opinion that the judgment relied on in the answer does not bar appellants' right to succeed in this case if they would be otherwise entitled to succeed.

The learned chancellor below was of opinion that appellants had a contingent remainder interest in the property, but, out of deference to the opinion of this court, adjudged against the appellants.

It will be seen from the opinion of this court, relied on by appellees, that it is quite brief and does not discuss at any length the provisions of the will in question, but merely decides in substance that James Malona is the sole owner of the property inherited from Mrs. Leathers, or which descended to him under the will by reason of the death of the sister without issue, and that the provision of the will was not an attempt to limit the estate after the failure of issue on the part of the devisees or any of their descendants.

We quote as follows from the opinion of the court below:

"The devise to the wife was expressly limited to her life. The devises to the daughters were in fee defeasible. The conditions of defeasance are contained in item eleven, and are three in number.

"1. If any of my children shall die without a child living at the time of his or her death, the estate and property devised to such child shall go to the survivor or survivors.

"2. And in case of the death of any child who shall be the heir of such child of mine, under the age of twenty-one years and unmarried, and without a child living at the time of the death, the property herein devised, which would come to such child, shall go to the survivor of my children or grand-

children, or to both, the grandchildren taking equally with each other

"3. In case of the death of my children, and any children they may have, in defect of children as before mentioned, the property devised shall go to the children of my brother Benjamin, except H. D. Malona and Mary Wright, and the children of my sister, Elizabeth Hedden, and my sister, Mary Green.

\*      \*      \*      \*      \*      \*      \*      \*      \*

"1. A judgment works an estoppel or in evidence only against those who were parties to the former action, or who were their privies. If the limitations are valid there seems to be no privity between Benjamin's children and their descendants; those who may finally take under the third limitation will take as purchasers. Some who are parties to this action were not parties to the former action, nor does the doctrine as to virtual representation apply in such a case. (Johnson v. Jacoby, 11 Bush, 646.) The present contention seems not to be affected by estoppel.

"2. If it were an open question the following would seem to be a correct interpretation of the three limitations:

"The first condition is on the death of a child without leaving issue. The second is on the death of a child who leaves issue, which issue dies under twenty-one, unmarried, and without issue. The third is on the death of all children without leaving issue, or on the death of some without leaving issue, and the death of the issue of others, if such issue shall die before attaining the age of twenty-one years. In each case the contingency must happen within the prescribed time.

"The meaning of the language in the second limitation seems to be this: 'If any one of my children shall die leaving a child, and if that child (my grandchild) shall die under the age of twenty-one, unmarried and without issue, the property which by descent would come to such grandchild shall go to the survivor of my children,' etc. The fee was defeasible, and stood in the hands of the first taker impressed with all limitations, so that if his child died leaving a child that child would take by descent, but it would take the fee defeasible on its dying under twenty-one, etc."

It seems to us that the foregoing is a true construction of the will in question. It results, therefore, that the plaintiff, Josephine Schwing, took only a life estate in the realty mentioned in the petition and that the judgment of the court below is erroneous in adjudging that she took a fee simple title to the estate in question.

The judgment appealed from is, therefore, reversed, and cause remanded with directions to overrule the demurrer and to sustain the demurrer to so much of James Malona's answer as relies upon its opinion of this case as a bar to defendant's claim to the answer of the defendants, and for further proceedings consistent with this opinion.