### HILL *et al.* v. HILL *et al.*

No. 5411. Opinion Filed November 2, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1185.)

**TRUSTS—Realty Bequeathed In Trust—Validity of Trust as Power.**
Where a testator by the terms of his will gives and bequeaths real property to a certain trustee, named, and specifically authorizes and directs said trustee, on the happening of an event certain, to convey said real estate to certain named heirs, **held,** that such bequest is valid under section 6665, Revised Laws 1910, as a power in trust, and that the heirs named as beneficiaries have enforceable rights under the terms of the bequest, which a court of equity, in good conscience, is bound to protect and enforce.

(Syllabus by Brett, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by John Edgar Hill and others against Mattie Hill and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Hill et al. v. Hill et al.

See, also, 49 Okla. 424, 152 Pac. 1122.

*Pyeatt & Butts,* for plaintiffs in error.

*Blanton & Andrews,* for defendants in error.

Opinion by BRETT, C. This case involves the question of a power in trust. But it is not our purpose or intention to write a voluminous essay upon the much discussed and confused question of uses and trusts. But we shall simply announce the law of this state applicable to the facts of the case at bar.

The material facts, stated as briefly as is consistent with accuracy, are that John T. Hill died on January 19, 1913, leaving a will which contains the following provision, which is the basis of this action:

"I hereby make the following disposition of all my property, to-wit: I give, bequeath, and devise to A. R. Hickam, of Pauls Valley, in the county of Garvin, in the State of Oklahoma, all my estate, real, personal and mixed, of whatsoever nature and kind soever, and wherever situate, and that I may die seised or possessed of or to which I may in any way be entitled or interested. To have and to hold all of said real estate unto said A. R. Hickam, and his heirs and assigns, forever, upon the trusts, and to and for the uses, interests, and purposes hereinafter limited, described, and declared, that is to say, upon trust for my wife, Mattie Hill, and my children, John Edgar Hill, Wm. Riley Hill, Harry Vernon Hill, Susie Hill, Thomas J. Hill, and Ruth Hill, and them alone, in the portions following, to wit: One-third to my wife Mattie Hill, and one-ninth to each of my said children, John Edgar Hill, Wm. Riley Hill, Harry Vernon Hill, Susie Hill, Thomas J. Hill, and Ruth Hill, to take possession, management and control of said estate and receive the rents, issues and profits therefrom and to apply the net income from the same, to the use and benefit of my said wife and my said named children, in the propor-

tions aforesaid, during the term until my youngest child then living shall become of age, and as soon as practicable after that event, to be conveyed in fee, an undivided one-third interest to my said wife, Mattie Hill, her heirs and assigns, and an undivided one-ninth interest to each of my said named children, John Edgar Hill, Wm. Riley Hill, Harry Vernon Hill, Susie Hill, Thomas J. Hill, and Ruth Hill, and their and each of their heirs and assigns, forever."

This will was duly admitted to probate February 7, 1913, and on April 24, 1914, the plaintiffs in error, as plaintiffs below, filed a petition in equity asking that the will be declared void and for a distribution of the estate according to the laws of succession of the State of Oklahoma. That portion of the petition which is material to the issue before this court is as follows:

"IV.   That by the terms of said will all of said property is given to the defendant A. R. Hickam, as trustee, to be held in trust for a period of time, to-wit, about 13 years, until the youngest child living at the date of the death of said testator, said youngest child being the defendant Ruth Hill, who is now about five years old, shall arrive at the age of majority, and the said property is to be conveyed to the persons and in the shares and proportions therein named; that the testamentary disposition of his property by the said testator in said will is void as being an express trust in positive violation of the laws and statutes of this state in relation to uses and trusts, and said will, being void and of no effect, passed no title to the said A. R. Hickam as trustee or as executor, but that said property herein described descended and passed under the laws of succession of this state and vested in these plaintiffs, and the said Thomas J. Hill, since deceased, became seised and possessed thereof with title absolute and fee simple in all said property and entitled to have distribution of same."

A demurrer was lodged against the petition, which was sustained, and from the order sustaining said demurrer, the plaintiffs in error (plaintiffs below) appeal to this court. The court did not sustain the demurrer on the technical ground that the petition imperfectly pleaded the issue relied upon by the plaintiffs, but sustained it on the ground that the will is valid, even in the face of the objection so squarely and clearly lodged against it by the demurrer; and in this we think the learned trial judge was correct.

The plaintiffs in error rely upon section 6657, Rev. Laws 1910, which provide:

"Every disposition of real property, whether by transfer or will, must be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to any other, to the use of or in trust for such person; and if made to any person, to the use of or in trust for another, no estate or interest vests in the trustee; but he must execute a release of the property to the beneficiary on demand, the latter paying the expense thereof."

And they argue that, inasmuch as this property was given and bequeathed not directly to the heirs, but to A. R. Hickam, to be held in trust by him until the happening of a certain event, and then conveyed by Hickam to the heirs of the deceased enumerated in the will, no title vested in Hickam, and the heirs were entitled to the immediate distribution of the estate, as though deceased had died intestate. They argue, further, that the trust to convey provided for in the will is not found in our statute, and is invalid, because such trust is not enumerated among the trusts expressly authorized by the statute, and quote in support of that proposition section 6662, Rev. Laws 1910, which provides that:

"Express trusts may be created for any of the following purposes:

"First. To sell real property and apply or dispose of the proceeds in accordance with the instrument creating the trust.

"Second. To mortgage or release real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon.

"Third. To receive the rents and profits of real property, and pay them to or apply them to the use of any person, whether ascertained at the time of the creation of the trust or not, for himself or for his family, during the life of such person, or for any shorter term, subject to the provisions of article II of this chapter.

"Fourth. To receive the rents and profits of real property, and to accumulate the same for the purposes and within the limits prescribed by the same article."

And they insist that, inasmuch as the bequest was not made directly to the heirs, but was made to Hickam, and not made to him for the purpose of selling, mortgaging, etc., but to be conveyed by him to the heirs, and that, inasmuch as no such authority is granted by the provisions of either of the above statutes, the will is void. That contention would be correct but for other provisions of the statute. Section 6665, Rev. Laws 1910, provides that:

"Where an express trust in relation to real property is created for any purpose not enumerated in the preceding sections, such trust vests no estate in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, is valid as a power in trust, subject to the provisions in relation to such powers contained in article VI herein."

Then, in the light of this last statute, what is the status of this will? In it we certainly have an express

trust, in relation to real property, created for a purpose not enumerated in either of the preceding sections— namely, for the purpose of conveying this real estate to certain named heirs. Then, is not the trust created by this will valid? The statute says, if the trust directs or authorizes the performance of any act which may lawfully be performed under a power, it is valid as a power in trust. And the word "power," as defined by our statute, is an authority given to another to do some act in relation to real property which the owner himself might perform. Section 6678, Rev. Laws 1910. The owner of this property certainly could have conveyed it to these heirs, and, if he could, then under this statute he certainly had the right and authority to delegate that power to convey to a trustee, and that delegated authority became a power in trust; or, in common parlance, the deceased, Hill, simply intrusted Hickam with the power and authority which he himself had to deed and convey this property to his wife and the children designated in the will.

New York has statutes almost identical with ours upon this subject, and in *Tilden v. Green et al.*, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487, in the body of the opinion, the court says:

"A trust power, to be valid, therefore, must designate some person or class of persons other than the grantee of the power, as its objects, and it must be exercised for the sole benefit of such designated beneficiary, and its execution may be compelled in equity. A non-enforceable trust power is an impossibility under our law, unless by the instrument creating it it is expressly made to depend for its execution on the will of the grantee."

In the case at bar the will of the grantee, Hickam, is not consulted. He is given no option, but is granted and bequeathed this estate "for the uses, interests and benefits hereinafter limited, described, and declared," and he is to exercise the power in trust for the sole benefit of the beneficiaries designated in the will.

The will in the Tilden Case was declared void because the power in trust was too vague and indefinite, and did not confer upon any person or persons an enforceable right. The Court of Appeals say:

"The Supreme Court held that the effect of the thirty-fifth and thirty-ninth articles of the will was to create one general trust for charitable purposes, embracing the entire residuary estate, and vested in the trustees a discretion with respect to the disposition of such estate by them; that the testator did not intend to, and did not, confer upon any person or persons any enforceable right to any portion of said residuary estate, and did not designate any beneficiary who was or would be entitled to demand the execution of the trust in his or its behalf, and declared the provision of the will relating to the disposal of the residuary estate for such reasons illegal and void."

But we find no such infirmity in the will under consideration. There is no vagueness, indefiniteness, or uncertainty as to what Hickam is to do, or as to who are the beneficiaries of the power in trust, or as to who have enforceable rights under it; and these elements in this will essentially make the power in trust both valid and enforceable.

Perry on Trusts and Trustees, sec. 248, in discussing powers that are trusts, says:

"Courts will not allow a trust to fail or to be defeated by the refusal or neglect of the trustee to execute

a power, if such power is so given that it is reasonably certain that the donor intended that it should be exercised. There are mere powers and mere trusts. There are also powers which the party to whom they are given is intrusted with and required to execute. Courts consider this last kind of power to partake so much of the character of a trust to be executed that they will not allow it to fail by the failure of the donee to execute it, but will execute it in the place of the donee."

And he further says, if for any reason the trustee fails to exercise the power intrusted to him, the court will put "itself in the place of the trustee, and will exercise the power; * * * for, if the trust or power can by any possibility be exercised," the court will not allow the nonexecution of the party intrusted to prejudice the rights of the party beneficially interested.

Justice Gray, in *Townshend v. Frommer et al.*, 125 N. Y. 446, 26 N. E. 805, says:

"Our Revised Statutes, while abolishing all express trusts, except those particularly enumerated, still permitted effect to be given to the intentions of a grantor by declaring that, when others were attempted, they should be effectuated through the medium of a power in trust."

And he further holds that:

"Where a trust is real and active, as where a trustee is empowered to convey lands upon certain conditions to certain persons, the statute declares the trust valid as a power in trust."

In *Randall, Adm'r, etc., v. Constans*, 33 Minn. 329, 23 N. W. 530, the court, in upholding an instrument as a power in trust, says:

"It will be observed, however, that the declaration of trust sought to be created is not among those permitted

by the statute of uses.  Gen. St. 1878, c. 43.   Neither is
the instrument in form a power in trust, as defined by the
statute; but, except for the statute, the trust would be
valid as an express trust; and in such cases, where it is
intended to authorize 'the performance of any act which
may be lawfully performed under a power,' it shall be
deemed valid as a power in trust.  Chapter 43, sec. 14,
The form of the instrument constituting the trust in such
cases is not material if properly executed.  If it were re-
quired to be a formal power in trust, then the provisions
of section 14 would be meaningless.  The trust declared
becomes, under that section, constructively a power in
trust."

Although the estate in this case amounts to about
$70,000, the defendants in error have filed no brief; but
we are unable to assent to the position of the plaintiffs
in error, for to do so would be to nullify section 6665,
Rev. Laws 1910.

The plaintiffs in error rely largely upon *Estate of
Fair*, 132 Cal. 523, 60 Pac. 442, 64 Pac. 1000, 84 Am. St.
Rep. 70.   But that case and the other California cases
cited are not in point, for the reason that California has
no statute similar to section 6665 of our statutes, which
creates a power in trust; and the court in the Fair Case
bases its reason for not holding certain provisions in the
Fair will to be a power in trust solely upon the fact that
they had no such statute, and says:

"The New York statutes, which are very similar to
ours, in enumerating those trusts as to real property
which alone are valid, expressly provide for a power in
trust to convey; but there is no such provision in our stat-
utes, although we had such a one for a short time."

We have examined the other cases cited by plaintiffs
in error, but find no case based upon statutes similar to

ours and facts similar to those in the case at bar that does not uphold the doctrine we have announced. *McLenegan et al. v. Yeiser et al.*, 115 Wis. 304, 91 N. W. 682.

We therefore think the ruling of the learned trial judge was right, and that the judgment should be affirmed.

By the Court:    It is so ordered.