## PARKS et al. v. CENTRAL LIFE ASSUR. SOC. et al.

No. 27840. Jan. 18, 1938.

Rehearing Denied Feb. 8, 1938.

West & Davidson, for plaintiffs in error.

A. J. Kriete and Duff & Manatt, for defendant in error Central Life Assurance Society.

Thomas J. Wiley, for defendant in error W. E. Rowsey.

DAVISON, J., The Illinois Life Insurance Company brought suit in the district court of Tulsa county on a promissory note in the sum of $4,500 and for foreclosure of a real estate mortgage on the S. W.¼ of section 35, township 19 north, range 13 east, located in Tulsa county, Okla., securing same.

The note and mortgage were executed by Laura Parks individually and as trustee and independent executrix of the estate of O. F. Parks, deceased, 'and as such she was made defendant together with Oakley Fay Parks Browne, Annie L. Parks Neilson. Goldie Ray Parks Schneider, Dorothy K. Parks Odeneal, and Oscar Lonnie Parks, children of O. F. Parks, deceased. W. E. Rowsey, Seth B. Atwood, and Dickason-Goodman Lumber Company were also made defendants. The Illinois Life Insurance Company sold the note and mortgage and indebtedness to the Central Life Assurance Society, which is the substituted and real plaintiff herein. Sometime before the suit was filed, Laura Parks conveyed the property in question to her five children, defendants herein, and who defended the action on the ground that Laura Parks had no power to mortgage the

property under the provisions of the will of O. F. Parks, deceased.

Judgment was entered for the plaintiff on the note and for taxes paid by the plaintiff and for foreclosure of the mortgage. No judgment was rendered against Laura Parks as executrix of the estate of O. F. Parks, deseased. From this judgment and decree of foreclosure, the defendants, except W. E. Rowsey, Seth B. Atwood, and Dickason-Goodman Lumber Company, have appealed.

Most of the contentions presented by the defendants and upon which they rely for reversal have been before this court more than once and have been determined. Parks v. LeFeber. 162 Okla. 265, 20 P. (2d) 179; Parks v. LeFeber. 163 Okla. 6, 20 P. (2d) 184; Parks v. Illinois Life Ins. Co., 176 Okla. 63, 54 P. (2d) 392; Parks v. Producers National Bank of Tulsa, 176 Okla. 67, 54 P. (2d) 398.

This series of litigation has arisen over the interpretation of the will of O. F. Parks, deceased, and concerning the rights and powers granted to the wife Laura Parks, as trustee, under the terms of the will, relative to her authority to sell and mortgage the property of the estate.

It is stipulated that O. F. Parks was a resident of the state of Texas, and that he died testate and his last will and testament was admitted to probate in Dallas county, Tex., and that letters testamentary were issued to Laura Parks; that the said will was admitted to probate as a foreign will by the county court of Muskogee county, Okla., and that letters testamentary were issued to Laura Parks by said court.

It is further stipulated that no order or decree of distribution or discharge has been made by the county court of Muskogee county in said matter; that notice to creditors has been given and that the time for presentation of claims has expired, and that no claims have been presented; that the executrix, since the probate of the will, has received more than sufficient income from the property to cover the expense of administration.

Section 7 of the will provides:

"Seventh. I hereby appoint my beloved wife Laura Parks, as guardian and trustee of the person and estate of our minor children, Annie L. Parks, Goldie Ray Parks, Dorothy C. Parks, and Lonnie O. Parks without bond, she to have control, management and right to dispose of any and all property belonging to said minors, without

the supervision and orders of the Probate Court of the State of Texas, or the State of Oklahoma, hereby giving her full authority to sell, rent, lease, manage and dispose of any part of their estate, and to reinvest the same in any manner that to her may seem for the best interest of their estate, she to be the judge thereof. In case of partition of the property and she remains the guardian of our children and their estate, I desire that she shall continue to act independent of the court, and shall not be required to give bond, but, I desire that she make the annual reports to the court as provided by law."

Section 4 of the will is, in part, as follows:

"Fourth. I desire and I hereby give my wife full management and control of my estate with authority to sell and make deed or deeds of conveyance to any part or parts thereof, for the purpose of maintaining herself and our children, and for the purpose of reinvestment and to reinvest same as to her may seem for the best interest of our estate, and I hereby give her full authority to reinvest any part of said estate as to her may seem for the best interest of my estate, so long as she remains a widow, or so long as she may desire to hold the community estate together, she to be the exclusive judge of the necessity to sell, and of the kind of investment to be made. * * *"

It seems to be agreed that Laura Parks is owner in her own right of a half interest in the property by virtue of the community laws of Texas.

It is first contended that the power of disposition given to Laura Parks by the will was a power of sale in trust, limited to certain purposes, to be exercised in a prescribed method and manner, and that under the rule announced by practically all authorities, it conferred no authority upon her to borrow money and execute a mortgage upon the trust property for its payment.

The defendant raises the question as to whether or not the power conferred by the will was a true trust or a mere power in trust. The defendant contends that this court in Parks v. LeFeber, supra (162 Okla. 265, 20 P. (2d) 179), had construed the will as creating a power in trust merely, following Hill v. Hill, 49 Okla. 424, 152 P, 1123.

In Parks v. LeFeber, supra, this court held:

"Record examined, and held, that the last will and testament of O. F. Parks, deceased, created a trust in the property composing his estate, and constituted Laura Parks trus-

640

tee thereof, with power, as trustee, to sell and dispose of any portion of the estate; she to be the exclusive judge of the property to be sold and of the necessity for the sale"

—and said:

"Under the rule stated in Hill v. Hill et al., 49 Okla. 424, 152 P. 1122, 1123; Hill et al. v. Hill et al., 54 Okla. 441, 153 P. 1185, * * * we hold that the testator intended to and did create a trust in his estate, and did thereby create Laura Parks the trustee of that trust estate, under the provisions of sections 11808, 11828, 11829, and 11830, O. S. 1931."

Section 11824. O. S. 1931, provides:

"A devise of real property to executors or other trustees, to be sold or mortgaged, where the trustees are not also empowered to receive the rents and profits, vests no estate in them, but the trust is valid as a power in trust."

In other words, such a trust is what is termed a "naked trust."

In the instant case the trustee and executrix was specifically authorized by the will to sell the property, to rent it and collect the rents and profits and use them for the support of herself and the Parks children.

Section 11829, O. S. 1931, provides:

"Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustee, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

It is true, as contended by defendants, that the word "mortgage" is not mentioned in the will, but the power of the trustee and executor cannot be said to be derived from any particular words in the will, but from the intent as gathered from the entire instrument when construed together. Porter v. Porter, 97 Okla. 231, 222 P. 971.

The defendants have cited several authorities in support of their contention that the trustee is without authority to mortgage the property. We cannot agree, as contended, that the rule announced in practically all authorities confers no authority to borrow money and execute a mortgage upon the trust property for its repayment, when unlimited authority is given to sell.

The defendants have cited Price v. Courtney, 87 Mo. 387, which followed Hoyt v. Jacques, 129 Mass. 286. However, in the later case of Kent v. Morrison, 153 Mass. 137, 26 N. E. 427, that court held:

"The power to 'sell and convey' is an absolute and unrestricted power to sell for her benefit and in her discretion, and includes the power to mortgage."

In that case, it is true the interest in the property conveyed by the will to the wife was held to be a life estate, but the will gave her "full power to sell and convey the same by deed (part or all of it), and the proceeds * * * to be used for her comfort and otherwise as she may think proper."

In Trigg v. Trigg, 192 S. W. 1011, the Missouri court took a much more liberal view of the rights of the trustee who had power to sell the property under the provisions of the will than in the former case of Price v. Courtney, supra. In the Trigg Case there was no substantial difference between the powers granted in the will and the powers granted in the Parks will. The widow was not vested with the fee-simple title under the will. The court held:

"The provision authorizing her to sell did not authorize the widow to give the property away, but did confer upon her the right to sell for cash, on time or to mortgage the property in order to raise the necessary funds for the support and maintenance of herself and children."

The Trigg Case was distinctively referred to and followed in the case of Parks v. Illinois Life Insurance Co., supra (176 Okla. 63, 54 P. [2d] 392), wherein the will here considered was construed by this court with reference to the power conferred by the will on the trustee and executrix to mortgage the property.

Among the decisions of other courts, construing wills where the trustee was given specific power to sell as in the will here considered, and holding that the trustee was authorized to mortgage the property, may be found Kent v. Morrison (Mass.) supra; Trigg v. Trigg (Mo.) supra; Holland v. Bogordus-Hill Drug Co. (Mo.) 284 S. W. 121; Grace v. Perry, 197 Mo. 550; Anderson v. Anderson (Ore.) 46 P. (2d) 98, and other cases which have been called to our attention.

The defendants contend that the decisions of this court in Parks v. Illinois Life Insurance Co. and Parks v. LeFeber, supra, are not res adjudicata, and that this court is not precluded upon any rule of estoppel from a reconsideration of those cases and overruling same if convinced that the court's construction of the will was erroneous. We admit that is true.

The defendants contend that the question of res adjudicata and estoppel were not

sufficiently pleaded and set up to the defendants' answers as amended during the trial.

The records in the instant case and the Parks v. Illinois Life Insurance Co. Case, supra, show that the two cases were filed near the same time. The former was tried in Creek county and appealed to this court and decided. The Illinois Life Insurance Company was plaintiff in both cases, and after the case was tried in Creek county and before this court had rendered its decision on appeal, the present plaintiff, the Central Life Assurance Society (Mutual), became the owner of the note and mortgage and indebtedness in the instant case. The defendant W. E. Rowsey was not a party to the case of Parks v. Illinois Life Insurance Co., nor the Parks v. LeFeber suit, but Laura Parks and the Parks children were parties. We think there was a want of privity of interest and estate between the Central Life Assurance Society and the Illinois Life Insurance Company, and the parties defendant not being the same, we must conclude that the plea of res adjudicata or estoppel by judgment was not a sufficient plea. National Aid Life Ass'n v. Kerr, 178 Okla. 136, 61 P. (2d) 1052; Cox v. Colbert, 135 Okla. 218, 275 P. 317; Farmer's Nat. Bank of Oklahoma City v. Gillis, 155 Okla. 290, 9 P. (2d) 47; Cherry v. Godard, 179 Okla. 158, 64 P. (2d) 315.

"A judgment works an estoppel, or is evidence only against those who were parties to the former action, or who were their privies." Malona v. Schwing (Ky.) 39 S. W. 523.

That, however, is immaterial. The record does not show that any question or particular issue relative to the sufficiency of the pleading was raised at the trial or that any question relative thereto was determined by the court which is now before this court for review. This court will take judicial cognizance of its former opinions. In the cases of Parks v. Illinois Life Insurance Co. and Parks v. LeFeber, this court construed the will of O. F. Parks, deceased. In the LeFeber Case, which was written first, we said that the will created a trust in the property and constituted Laura Parks trustee thereof with power to sell and dispose of any portion of the estate, she to be the exclusive judge of the property to be sold and the necessity for the sale.

In the Illinois Life Insurance Case this court said that the provisions of the will were broad enough to give the trustee power and authority to mortgage the real estate described in the will. These holdings by this court were not a judgment in favor of any particular person or plaintiff or against any particular defendant, but were an interpretation of the real question before the court, the will in the Parks estate and the authority of the trustee conveyed thereunder relative to the real estate. The same question is before the court in the instant case, but without identity of parties or subject matter. We are confronted with the additional question of whether or not the defendants and cross-petitioner shall be governed in their contentions and rights under the will as construed in the former decision of this court, or if their rights are affected by the pleadings in the instant case, and any errors of the trial court relative thereto, presented here for determination.

In this connection it is contended by the defendants, the plaintiffs in error, that if the power to mortgage is sustained, evidence was admissible to show that the money lent to Laura Parks by the mortgagees was borrowed by her for the express purpose of investing the funds so obtained in other property for her own benefit, the mortgagees having taken their mortgages with constructive notice that the trustee was without power, under the will, to borrow money for her own exclusive benefit and bind the estate of her children by a mortgage, neither the mortgagees nor assignees being entitled to protection as bona fide purchasers.

It is further contended that if the words of the will are ambiguous, or there is any doubt or uncertainty as to the testator's intent from the language of the will, with reference to a power not expressly conferred, extrinsic evidence is admissible for aiding in the construction of the will.

The defendants offered to show by the witness Laura Parks that during the last 13 years of her married life she and the deceased, O. F. Parks, frequently discussed his business affairs. That he owned property and real estate in both Texas and Oklahoma, and that he never mortgaged it nor borrowed money on it and that he advised the witness, his wife, to not borrow on mortgaged security.

The defendants further attempted to prove by the same witness that she was present at her husband's bedside when his will was made and that the deceased and the attorney who drew the will discussed the question as to what power should be given in the will.

The defendants' answer was allowed to be amended during the trial so as to contain allegations upon which this testimony might be predicated.

The court refused to permit the witness to prove the allegations of the amended answer pertaining to her knowledge or the interests in the property owned by herself and the children and her intentions in mortgaging the same and the disposition of the money borrowed on the mortgage. It was an attempt to show that Laura Parks, the trustee, did not know what was in the mortgage, and was an attempt to impeach the mortgage. No fraud is alleged. She executed the mortgage as she had executed other mortgages on the estate, as an individual and as trustee and independent executrix of the will. There was nothing in the testimony attempted to be introduced that would in any way show any intention of the testator as being different from the language expressed in the will. The will has been construed, and no part of same was claimed to be or found to be ambiguous.

Since the trustee has the right to sell the property or mortgage the same and full authority to reinvest the proceeds at her discretion, it certainly could not be construed to be necessary in such sale or mortgage that the legality of the purchase or sale would depend on the disposition of the proceeds. We think the court properly disallowed the introduction of the testimony for either purpose offered. If the proposed contents of the will was thoroughly discussed and considered by the testator and his attorney just prior to the execution of the will, no extraneous evidence could add any information as to the testator's intention further than that expressed in the will.

In re Shepard's Estate, Williams, v. Shepard, 180 Okla. 91, 67 P. (2d) 954, this court said:

"The plaintiff in error also complains of the admission of the testimony of witnesses narrating oral declarations of the testator concerning his intention at the time of making the will. This is, of course, forbidden, and the evidence should not have been admitted. Section 1580, O. S. 1931; Riley v. Collier, 111 Okla. 130, 238 P. 491; Spaniard v. Tantom, 131 Okla. 75, 267 P. 623; In re Revard's Estate, 178 Okla. 523, 63 P. (2d) 973, 975."

The power and authority granted under the Parks will have received the attention of this court on four former occasions. The court finds nothing presented in the instant case that would justify a modification of the rule by this court announced in Parks

v. LeFeber, supra, and Parks v. Illinois Life Insurance Co., supra.

The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, J., concur.

PHELPS and GIBSON, JJ., specially concurring.

This case involves the construction of the identical will construed in Parks et al. v. Illinois Life Insurance Company of Chicago, Ill., 176 Okla. 63, 54 P. (2d) 392, and Parks et al. v. Producers National Bank of Tulsa, 176 Okla. 67, 54 P. (2d) 398.

We did not agree with those opinions, but feel bound thereby and for that reason we concur.