268 F.2d 91
 Anna Christina Nylund WILLIAMS and Lorene Nylund
Butterfield, Appellants,
v.
Bernardine S. NYLUND, individually, Bernardine S. Nylund, as
Trustee under the Will of George A. Nylund,
deceased, and Sohio Petroleum Company,
an Ohio corporation, Appellees.
 No. 6028.
 United States Court of Appeals Tenth Circuit.
 June 9, 1959.
 
 Harold G. Lowrey and Tom Z. Wright, Woodward, Okl., for appellants.
 C. Harold Thweatt, Oklahoma City, Okl. (Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, Okl., of counsel, on the brief), for appellee, Sohio Petroleum Co.
 Miles & Miles, Beaver, Okl., for Bernardine S. Nylund, co-appellee, adopted brief of co-appellee, Sohio Petroleum Co.
 Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 This appeal is taken from an order of the trial court dismissing a complaint for failure to state a claim upon which relief can be granted. Appellants as plaintiffs below sought declaratory relief against the appellees-defendants by complaint filed in the District Court for the Western District of Oklahoma. The complaint is particularly levelled at the validity of an oil and gas lease executed by Bernardine S. Nylund as Trustee under the will of George A. Nylund, deceased. Sohio Petroleum Company has succeeded to the interest of the lessee and appellants assert that the lease unlawfully burdens their (appellants) interest in the subject realty obtained as devisees of the deceased. Appellants' claims require a determination of whether or not, under the Nylund will and subsequent procedures in Oklahoma probate, a trust was created so as to make applicable the provisions of Title 60, 175.24, Oklahoma Statutes Ann.[1] The disputed lease purports to grant the lessee an interest in the realty beyond the term of the trust and is valid and binding upon appellants only if such lease is within the authority of the statute.
 
 
 2
 G. A. Nylund died testate on September 3, 1944, survived by his wife, Bernardine S. Nylund, and two adult daughters by a former marriage, Anna Christina Nylund Williams and Lorene Nylund Butterfield. The estate was probated in the County Court of Beaver County, Oklahoma, and on November 30, 1945, a final decree distributed all of the real estate to Bernardine S. Nylund as Trustee.
 
 The disputed portion of the will provides:
 
 3
 'Second: All real estate owned by me at the time of my death I give and devise unto Bernardine Nylund, my wife, as trustee, to have and to hold the same in trust, upon the terms and conditions and for the uses and purposes and with the powers and duties following, that is to say:
 
 
 4
 'A. To possess, manage and control the said real estate constituting said trust estate and every part thereof, and I give and grant unto my said trustee full power and authority to invest and reinvest all moneys which may come into her hands as income from such land, and in such securities or other property, personal or real and upon such terms and for such length of time as to any trustee shall seem meet and proper; it being intended hereby to give unto my said trustee the full and complete authority to hold, possess, manage control and handle the same according to her sole judgment and discretion, without any limitation upon her power and authority so to do.
 
 
 5
 'B. I direct that my said trustee shall expend from time to time so much of the income of said real estate, or trust estate, as to her shall seem meet and proper for her own comfort, maintenance, needs and entertainment, it being my intention that my said trustee, who is my wife, have all the income that she may need or desire for her comfort, entertainment and maintenance, during her natural lifetime.
 
 
 6
 'C. Upon the death of my said wife Bernardine Nylund, then said trust estate shall terminate and all of said real estate, and any accumulation from income therefrom that has not been used, is to be distributed to my two children Anna Christina and Lorene, in equal shares and without any condition or restriction. In the event aht either of my said daughters shall die prior to the vesting of said real estate and trust estate in them, then if the one dieing leave issue all of said estate shall go to her issue, if no issue then it shall go to the daughter surviving. * * *
 
 
 7
 'H. In the event that either of my said children hereinbefore named should be in necessitous circumstances prior to the vesting of said estate in them, then my said trustee may in her discretion and with the approval of the court administering such trust estate make such advancement as may be deemed proper, such sums however as may be advanced to be deducted from her interest in the final distribution of my trust estate hereby created.'
 
 
 8
 The final decree in probate invested Bernardine S. Nylund, as trustee, with the real property 'to have and to hold under the terms of the trust created by the last will and testament of decedent' and followed the language of the will in its findings.
 
 
 9
 In attacking the validity of the Sohio lease as it purports to bind their interests, appellants advance alternate interpretations of the state court decree, supplemented by the will, either of which would free them from the terms of the lease. The decree and will, so say appellants, created both a legal and equitable life estate in Bernardine Nylund, which estates merged as a matter of law, negativing any trust, and left legal remainders in appellants, the two daughters. Or, if a trust estate was created it was limited to the life estate and Mrs. Nylund as trustee could not bind the remainder estates. To these contentions appellees reply that the testator clearly intended a trust and that the probate court has so decreed; that there was no merger of estates as a matter of law and that the trust extended to all the estates created; and that appellants' complaint is but a collateral and therefore prohibited attack[2] in the federal court[3] upon a final decree of the Oklahoma probate court.
 
 
 10
 The definition of 'collateral attack' found in May v. Casker, 188 Okl. 448, 110 P.2d 287, 288 is: 'A collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.'But appellants do not question the effectiveness of the Oklahoma decree through the instant action. They seek, rather, a construction of that judgment in connection which the purported exercise of power under it by appellee as trustee. They do not ask the federal court to defeat the probate court decree, but to interpret it. Such cases as Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229, where the complaint sought to have trust provisions of a probated will declared void as violative of the rule against perpetuities, must be distinguished from cases where an ambiguity arises from the language of the judgment itself and the rights granted to the parties thereby are in question. The interpretation of a judgment involves no challenge to its validity. Ballew v. Denny, 296 Ky. 368, 177 S.W.2d 152, 150 A.L.R. 770. The legal operation and effect of a judgment is an issue which arises frequently in quiet title cases, divorce matters, and business relationships and the courts necessarily construe previously rendered judgment in concluding the issues at hand, e.g. Paxton v. McDonald, 72 Ariz. 378, 236 P.2d 364; Evans v. City of American Falls, 52 Idaho 7, 11 P.2d 363.
 
 
 11
 The fact that the probate court granted the real estate to Mrs. Nylund in trust does not necessarily preclude an interpretation of the entire decree or deny the existence of an absolute life estate in her if such is the fair conclusion to be drawn from the powers, rights, and limitations on the estate under the decree. In re Larson's Estate, 261 Wis. 206, 52 N.W.2d 141. The Larson case is precisely in point procedurally, and with its predecessor, In re Larson's Estate, 257 Wis. 579, 44 N.W.2d 535, demonstrates the difference between an impermissible attack upon a decree in probate and a suit for its construction. It is apparent from the cases of Gormly v. Edwards, 195 Okl. 123, 155 P.2d 985, and Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486, that the Oklahoma law is no different from the general view as outlined and that the provisions of the will may be considered to aid in the interpretation of a probate decree.
 
 
 12
 Both causes of the complaint require first of all a determination of the term of the legal estate taken by Mrs. Nylund as trustee under the decree and will. Appellants, premise their conclusion that the decree vested only a life estate in the legal title as well as in the equitable title upon the language of the order and also their view that the purpose of the trust will be fulfilled at the time of Mrs. Nylund's death.
 
 
 13
 Appellants urge that the probate court intended to and did provide for the immediate vesting of their interests as legal remainders. Although it is true that a remainder may be vested even though the enjoyment is postponed, Randall v. Bank of America, Nat. Trust & Sav. Ass'n, 48 Cal.App.2d 249, 119 P.2d 754, the time of vesting of a remainder in a trust estate depends on the intent of the creator of the trust as determined from a consideration of the provisions of the trust instrument, Babcock v. Fisk, 327 Mich. 72, 41 N.W.2d 479; Cleveland Trust Co. v. Mansfield, Ohio Com.Pl., 71 N.E.2d 287. In the instant case an ambiguity is created by the order portion of the decree by its use of the plural form:
 
 
 14
 'And in such manner all of said property real and personal is hereby vested, assigned and conveyed and transferred, forever;
 
 
 15
 'To have and to hold the same, together with all and singular the hereditaments and appurtenments thereunto belonging to the above named persons and to their heirs and assigns and successors, forever.'
 
 
 16
 But this language is at odds with all the preceding language, for the court decreed distributions only to Bernardine S. Nylund and in its findings found that the will required that all of the real estate should be distributed to Bernardine S. Nylund as trustee. Under the terms of the will, quoted above and incorporated into the final decree, the daughters must survive the widow or leave issue in order to inherit any of the estate. In reference to the estate of the children, the probate court used the future tense, 'in the event either of said daughters dies prior to the vesting of said real estate,' and 'on the death of the trustee said estate then remaining to go in equal shares to the daughters * * *.' Thus it is apparent that the vague language of the concluding paragraph of the decree was an inadvertence, for in the instrument the only legal titles vested were in Mrs. Nylund and nothing in the will indicates that the probate court could have intended to vest remainders at the time of probate.
 
 
 17
 Appellants cite Doe ex dem. Poor v. Considine, 6 Wall. 458, 73 U.S. 458, 18 L.Ed. 869, 873, for the widely accepted proposition that 'trustees take exactly the estate which the purposes of the trust require; and the question is not whether the testator has used words of limitation or expressions adequate to carry an estate of inheritance, but whether the exigencies of the trust demand the fee simple, or can be satisfied by any, and what, less estate.' It is appellants' position that since the will and decree provide for the termination of the trust upon the death of Mrs. Nylund, the purposes of the trust will be fulfilled at that time and hence the duration and estate must be measured by Mrs. Nylund's life. But the quoted language demonstrates the significance of the common law rule that the trustee will take as much but no more of the estate than the purposes of the trust require. It is the nature of the duties rather than the duration of the duties imposed upon the trustee which determines the extent of the estate of the trustee. The trustee takes a fee if the intention of the grantor to convey it is plain, or if it is necessary for the execution of the trust, Potter v. Couch, 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed. 721. Thus, to test the extent of the estate of the trustee in the present case, the powers granted by the will and decree and the powers implied from the duties devolving upon the trustee must be examined:
 
 
 18
 (1) When Mrs. Nylund's beneficial life estate expires, the trustee must determine who are the ultimate takers and convey the remainder estate to them. Paragraph C of the will provides for the distribution in equal shares if they are both living and an alternative in the eventuality of the death of either of them.
 
 
 19
 (2) Under Paragraph A of the will the trustee is given 'full and complete authority to hold, possess, manage control and handle' the real property 'without any limitation upon her power and authority so to do.' The income from the management of the realty is to be paid to Mrs. Nylund as she may 'need or desire,' under Paragraph B. And under Paragraph C, any accumulated income at the death of Mrs. Nylund becomes a part of the estate to be conveyed.
 
 
 20
 (3) Since only the income from the trust estate is expendable upon Mrs. Nylund, there is an implied obligation to preserve the trust res to the interests of the ultimate takers.
 
 
 21
 (4) Under Paragraph H of the will, the trustee has the discretionary power to invade the corpus for the purpose of providing for either of the children who might be 'in necessitous circumstances.'
 
 
 22
 The evolution of the Oklahoma law on the question of what powers will carry the fee to the trust estate is difficult to follow due to the enactment and repeal of various statutes governing the individual reported cases. In Rarick, The Trustee's Estate and the Ultimate Interest, 8 Okl. Law Review 133, the author reviews the cases of Hill v. Hill, 49 Okl. 424, 152 P. 1122 (duty to receive and apply rents plus duty to convey passes the fee); Hill v. Hill, 54 Okl. 441, 153 P. 1185 (power to convey is only power in trust); Riley v. Collier, 111 Okl. 130, 238 P. 491 and Western Land Securities Co. v. Oklahoma Farm Mortgage Co., 111 Okl. 138, 239 P. 223 (mandatory power of sale conveys fee); Parks v. Illinois Life Ins. Co., 176 Okl. 63, 54 P.2d 392, 937 ('full control and management' plus power of sale passes the fee); Parks v. Central Life Assur. Soc., 181 Okl. 638, 75 P.2d 1111 (power of sale includes power to mortgage) and concludes at page 180:
 
 
 23
 'There is every indication that a duty to convey to the ultimate taker or a power to sell or encumber, either discretionary or mandatory, will carry the fee to the trustee in Oklahoma. A power of sale, even a discretionary one seems to deprive the ultimate taker of any interest in the specific property.'
 
 
 24
 and at page 177:
 
 
 25
 'The cases in Oklahoma indicate that the powers which would give the trustee a fee in common-law jurisdictions will do the same in Oklahoma under the present statutes.'
 
 
 26
 In A.L.I. Restatement of the Law of Trusts, section 88(d) it is said:
 
 
 27
 '* * * If the trustee is given power to make a sale or mortgage of the fee simple or to convey a fee simple to the beneficiaries, the trustee takes an estate in fee simple in the absence of evidence of a different intention of the transferor.'
 
 
 28
 Thus it is evident that the intention of the settlor was to convey title sufficient to permit the performance of duties not only to the life beneficiary but also to the successor beneficiaries. By duties to preserve the estate, to pay out of the estate albeit discretionarily to the ultimate beneficiaries, to produce income from the property, and to convey a fee simple upon termination of the life interest, it is apparent that the trustee was appointed for all the beneficiaries and receives a fee simple subject to the trust in order to perform those duties.
 
 
 29
 Since the trust estate is not coextensive with the beneficial life estate, there is no merger under the common law or under 60 Okl.St.Ann. 175. 4:
 
 
 30
 'Every person who, by virtue of any transfer or devise, is entitled to the actual possession of real property, and the receipts of the rents and profits thereof, is deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions as this beneficial interest.'
 
 
 31
 and section 175.5:
 
 
 32
 'The last preceding Section does not divest the estate of any trustee in a trust heretofore existing, where the title of such trustee is not merely nominal, but is connected with some power of actual disposition or management in relation to the real property, which is the subject of the trust.'
 
 
 33
 The precise situation of the present case is illustrated at 1 Scott on Trusts, 2nd Ed., 1956, sec. 99.3, p. 740:
 
 
 34
 'A similar situation arises where, as not infrequently happens, property is given to A in trust to pay the income to A for life and on A's death to convey the principal to B. In such a case the inference is that A takes the entire legal interest and holds it as trustee for himself and B. He does not hold a legal life estate free of trust and a legal remainder in trust for B. The interest held in trust is the whole legal interest, and he and B have equitable interests to the same extent to which they would have them if a third person were trustee. There is no partial merger of his equitable interest. It would defeat the intention of the testator to hold that A took a legal interest for his life free of trust.'
 
 
 35
 It has long been settled in Oklahoma that the rule that the same person cannot be at the same time sole trustee and sole beneficiary of an identical interest does not apply where such person is merely one of several trustees or trustee for himself and several other beneficiaries, Malone v. Herndon, 197 Okl. 26, 168 P.2d 272.
 
 
 36
 The conclusion that the trustee under the will and decree took a fee simple estate in trust disposes of appellants' contention that the trustee has power only to lease the property for the term of the life estate. In addition to the duty imposed expressly by the will to make the property income-producing, the power to make long-term leases is a component part of the fee in trust by the statutory authority, supra. The trial court properly dismissed the complaint for failure to state a claim.
 
 
 37
 Affirmed.
 
 
 38
 BREITENSTEIN, Circuit Judge (concurring in result).
 
 
 39
 The plain language of the Oklahoma probate decree is that the pertinent property was distributed to the widow in trust. If that judicial act of distribution is nullified by construction, then there is a denial of the force and effect of the decree which can only amount to an impermissible collateral attack. As the Oklahoma court has determined that there is a trust, the Oklahoma statute, 60 O.S. 175.24, confers the authority to lease and the only problem is the validity of the lease beyond the life estate. While the provisions of the statute are not entirely free from doubt, I think it was the intent to permit a lease such as the Sohio lease even though the term extends beyond the estate of the trustee. This disposes of the appellants' claims and requires the affirmation of the judgment.
 
 
 
 [1]
 'In the absence of contrary or limiting provisions in the trust agreement or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized:
 'C. To grant or take leases of real property and of all rights and privileges above or below the surface of real property for any term or terms, including exploration for and removal of oil, gas, and other minerals, with or without options of purchase, and with or without covenants as to erection of buildings or as to renewals thereof, though the term of the lease or renewals thereof, or of such options extend beyond the term of the trust.'
 
 
 [2]
 Marks v. Everhart, 208 Okl. 101, 253 P.2d 174; Porter v. Hansen, 190 Okl. 429, 124 P.2d 391
 
 
 [3]
 Neal v. Neal, 10 Cir., 250 F.2d 885