## In Equity.

### ELVIRA L. KIMBALL

*vs.*

### JOHN H. BLANCHARD, Executor and Trustee.

#### Piscataquis.    Opinion April 14, 1906.

*Trust.    Active.    Passive.    Termination.    Discretion of Trustee.    Review by Court.*

In this bill in equity, the complainant, one of the beneficiaries of a trust created by the will of her mother, seeks a decree of this court directing the trustee to pay her out of the trust fund a certain sum of money, which she had previously demanded of him, and thereafter to pay her such further and other sums, and at such times, as she, in her judgment, might deem necessary for her comfortable support and maintenance.

The clause in the will whereby the trust was created is as follows: "Second. I do hereby give, bequeath and devise unto John H. Blanchard, in trust, all of my estate, real, personal and mixed, wherever found and however situated. Said trust is for the benefit of my daughter, Elvira L. Kimball, wife of Daniel Kimball. I do hereby request my said trustee to convert into cash all my estate, and to invest the same where it will be secure, and keep same invested. . . . . I do hereby direct my trustee to pay to my daughter, said Elvira L. Kimball, such sums from time to time as she may need for her comfortable support and maintenance so long as she lives. I desire my trustee to take into consideration (in) making said payment, that it is the duty and obligation of her husband to support and maintain her, but if for any cause her husband does not provide suitable support and maintenance for her, then I request my said trustee shall see that the same is provided out of the funds in his hands as trustee. It is my desire that all of said property if necessary shall be used for the benefit of my daughter as herein set out."

By the next clause of the will the testatrix devised and bequeathed to the children of the complainant whatever might remain of this trust fund at the time of the death of their mother.

*Held:*    That by the language of this will above quoted the testatrix vested in the trustee the discretion of determining upon the amounts and the times of the payments to be made to the complainant, and that the exercise of that discretion by him is not subject to revision by this court, so long as he has exercised that discretion in good faith according to his best judgment and uninfluenced by improper motives, and that this discretion has been properly exercised by the trustee.

While courts will sometimes decree the termination of a passive trust before the expiration of the time named, or one in which the purposes of the trust have been accomplished, or where no good reason is shown why the trust should continue, and where all the persons interested are sui juris and desire that the trust be terminated, such termination will not be decreed where these conditions do not exist. The decree sought in this case is in practical effect the termination of the trust, which is an active trust, the purposes of which have not been accomplished, and where there are others than the complainant who are interested in the trust fund.

The appeal must therefore be sustained. The bill will be dismissed, but without costs. The defendant may charge the reasonable and necessary expenses of this litigation in his account as trustee, to be passed upon by the Probate Court. The case is remanded for a decree in accordance with the opinion.

In equity. On appeal by defendant. Sustained.

Bill in equity brought by the plaintiff, one of the beneficiaries of a trust created by the last will and testament of Mary N. Lord, late of Guilford, deceased, the mother of the plaintiff, against the defendant who is the trustee under said last will and testament, praying that the trustee might be directed to pay to her the sum of three hundred dollars which she had demanded of the trustee, and thereafter pay to her from time to time such other and further sums as the plaintiff in her judgment might deem necessary for her comfortable support and maintenance.

The cause was heard on bill, answer and proofs at the September term, 1904, of the Supreme Judicial Court, Piscataquis County. After the hearing, the justice of the first instance "ordered adjudged and decreed" that the plaintiff's bill be sustained without costs; and that said defendant be directed to pay to said plaintiff from the estate of Mary N. Lord, the sum of three hundred dollars within sixty days from the date thereof, and that thereafter, he pay her such further sums, from time to time, from said estate, as the plaintiff in her judgment may need for her comfortable support and maintenance."

From this decree, the defendant appealed to the Law Court as provided by section 22 of chapter 79 of the Revised Statutes.

The case fully appears in the opinion.

*J. S. Williams*, for plaintiff.

*Hudson & Hudson*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

WISWELL, C. J. This bill in equity, brought by one of the beneficiaries of a trust against the trustee, in which the complainant seeks a decree of this court directing the trustee to pay her out of the trust fund a certain sum of money, which she had demanded of the trustee, and thereafter to pay her such further and other sums, "as from time to time your petitioner in her judgment needs for her comfortable support and maintenance," requires a construction of the will by which the trust was created.

The testatrix, the mother of the complainant, died October 13, 1903. By her will, made July 9, 1900, and duly admitted to probate after her death, she made the following disposition of her property: "Second. I do hereby give, bequeath and devise unto John H. Blanchard, in trust, all of my estate, real, personal and mixed, wherever found and however situated. Said trust is for the benefit of my daughter, Elivra L. Kimball, wife of Daniel Kimball. I do hereby request my said trustee to convert into cash all my estate, and to invest the same where it will be secure and keep same invested. . . . . I do hereby direct my trustee to pay to my daughter, said Elvira L. Kimball, such sums from time to time as she may need for her comfortable support and maintenance so long as she lives. I desire my trustee to take into consideration (in) making said payment that it is the duty and obligation of her husband to support and maintain her, but if for any cause her husband does not provide suitable support and maintenance for her, then I request my said trustee shall see that the same is provided out of the funds in his hands as trustee. It is my desire that all of said property if necessary shall be used for the benefit of my daughter as herein set out."

So much as is important here of the next clause of the will is as follows: "Third. After the death of my daughter, said Elvira L. Kimball, whatever may remain on the settlement of the account by my said trustee, I give, bequeath and devise to the children of the said Elvira L. Kimball in equal shares." This clause also contains

provisions in regard to the disposition of the property in case any of her daughter's children "shall have deceased prior to the termination of said trust."

At the time that this will was made the complainant was about forty-four years of age; she had three children, two of whom were of sufficient age to support themselves, and the third, a boy, was about four years of age, at that time. The daughter was then living with her husband, but in September, 1901, a little more than a year after the date of the will, and something more than two years before the death of the testatrix, she was divorced from her husband. The whole estate left by the testatrix, according to the inventory, amounted to \$1448.85, consisting of goods and chattels \$86.25 and rights and credits, \$1362.60. The trustee accepted the trust created by this will and entered upon the administration thereof. Immediately after the death of the testatrix he advanced to the complainant a small sum of money for her immediate requirements, later turned over to her the goods and chattels left by the testatrix, advanced other small sums to her, and in April, 1904 commenced paying her the sum of \$12 per month, which advancements were continued until after the commencement of this litigation. At the time of the hearing he had of the trust fund, in his possession, the sum of \$992.07.

Upon a hearing before a single justice a decree was made sustaining the bill, ordering the payment to her by the defendant of the sum of \$300 out of the estate in his hands, an amount which the complainant had previously demanded of the trustee, and further ordered that the trustee thereafter, "pay her such further sums, from time to time, from said estate, as the plaintiff in her judgment may need for her comfortable support and maintenance." From this decree an appeal was taken by the defendant. The decree was evidently based upon the theory that, under the proper construction of the provisions above quoted in the will, the discretion of determining as to the amounts that might be necessary for the comfortable support and maintenance of the daughter was vested in her; that the duties of the trustee were merely passive, and that he was only required to

pay over to the complainant such portions of the estate as she, at any time, might demand.

We do not think that this is in accordance with the evident intention of the testatrix in creating this trust. In our opinion many expressions of the testatrix, contained in the will, and the provisions of the will, show an entirely contrary intention. The trustee was directed, "to convert into cash all my estate, and to invest the same where it would be secure, and keep same invested." In making payments to the daughter for her comfortable support and maintenance during her lifetime, the trustee was directed to take into consideration the duty and obligation of the complainant's husband to support and maintain her, but if for any reason the husband failed to do this, "then I request my said trustee shall see the same is provided out of the funds in his hands as trustee." More than this a devise over was made to the children of this daughter of whatever might remain of the estate at the death of the daughter.

It seems to us evident that, for reasons satisfactory to the testatrix, she did not desire to give her property outright to her daughter, even for life, or to create a naked trust in her favor which could be terminated at the will of the daughter whenever she might prefer to have the whole of the fund in her possession and control. That she did desire, and carried this desire into effect, to create a trust fund which would be helpful in affording some assistance to the daughter during the remainder of her life, and that if it became necessary, for her reasonably comfortable support and maintenance, the whole of the fund might be used for that purpose, but that the determination of this question as to how much was necessary, and as to when and how large payments should be made, was left to the discretion of the trustee, who, of course, would be required to take into consideration the condition of the complainant from time to time, as well as the small amount of the fund in his possession, to the end that this small sum would not be immediately exhausted and dissipated, but should be made to last as long as reasonably possible to carry out the purposes of the testatrix in creating the trust.

If this were not the intention of the testatrix we can conceive of no reason why she should have used the expressions above referred to.

By this will she made it the duty of the trustee, not the complainant, to take into consideration, in making payments to the daughter, the duty and obligation of a husband to support his wife. And she also made it the duty of the trustee, not the complainant, in case the husband failed in this duty, to see that the daughter's support was provided for out of the trust fund. These expressions are entirely inconsistent with an intention upon the part of the testatrix that the beneficiary should have the right to exercise her judgment and discretion as to the amounts she should demand and receive out of the trust fund, to such an extent even, that she might at any time require the payment to her of whatever might remain of the fund, to be, perhaps, immediately used and exhausted.

Much reliance is placed by the counsel for the complainant upon the case of Cole v. Littlefield, 35 Maine, 439. But the facts of that case are so different from those of the case at bar that the case can not be considered an authority for the construction of the will sought by the complainant. In that case the will directed the trustee "to pay over to his said wife said income from said estate as she requires, her receipt being his voucher." In the absence of more specific direction by the testator upon this question as to whose discretion should control, this language might well be given much weight. In that case the court said upon this question: "No authority is by the will conferred upon the trustee to do it. No discretion is confided to him respecting the support of the widow, or the support and education of the children. He is protected by the receipt of the widow, as his voucher, for the amount to be paid her from the income. He is directed to pay over to the widow 'the income from said estate as she requires.' He could not be charged as trustee with any breach of trust, should he wholly neglect to attend to the expenditure of the income paid over to her for the purposes named." But the will in this case contains no language from which an intention can be inferred to vest the complainant with this right of discretion. Upon the contrary as we have seen, the language of the testatrix and the direction given by her are absolutely inconsistent with any intention other than that this discretion should be exercised by the trustee. Again, in the case cited, the wife herself was made a

trustee, she was to hold the income in trust, in part, for the support and education of her children, and would be held accountable for any mismanagement of this trust, a fact somewhat relied upon in the case.

The case of *Kilburn* v. *Hosmer*, 10 Cush. 146, is very much more similar to the one at bar. There a testator devised to trustees the sum of $1500 to hold for the life of the testator's daughter, to be applied to her support and maintenance and the comfortable support, education and maintenance of her family, and at her decease the estate, or "whatever remains of it," was to be distributed among her children. Among other directions as to the management of the trust, it was made the duty of the trustees to "study the comfort and happiness of the testator's children," there being a similar provision for the benefit of another daughter. The court held that the discretion as to the expenditure of the funds was vested, by the terms of the will, in the trustees, and that it was for them to judge of the amount necessary for the comfortable support of the cestuis que trusts. The court relied, to some extent, upon the direction to the trustees "to study the comfort and happiness of the testator's children." This language can certainly have no greater effect in disclosing an intention of the testator as to who should exercise the discretion of determining the amounts necessary for the support of the beneficiary, than do the various expressions of the will in the case at bar that we have referred to.

In *Danahy* v. *Noonan*, 176 Mass. 467, a testator made the following disposition of his estate : "All my property, real and personal, to my mother Mary O'Brien, for the education and support of my daughter, Mary A. O'Brien. In a bill in equity brought by the daughter, then Mary A. Danahy, praying for a termination of the trust, the court said: "The trust is an active trust, requiring the exercise of discretion on the part of the trustee. Therefore, it is not to be terminated at the will of the cestui que trust."

And this suggests another reason why the prayer of the bill should not be granted. A decree in compliance with this prayer and in fact the decree entered, to the effect that this trustee should pay to the beneficiary the sum demanded, and hereafter whatever sums she, in the exercise of her judgment, should demand, is to all practical pur-

poses a determination of the trust. But an active trust is not to be terminated at the will of the cestui que trust. While courts will sometimes decree the termination of a passive trust, before the expiration of the time named, or one in which the purposes of the trust have been accomplished, or where no good reason is shown why the trust should continue, and where all the persons interested in it are sui juris, and desire that the trust be terminated, as in *Tilton* v. *Davidson*, 98 Maine, 55, and *Sears* v. *Choate*, 146 Mass. 395, we are not aware of any case where such a termination has been decreed where these conditions do not exist. *Danahy* v. *Noonan*, supra ; *Claflin* v. *Claflin* 149 Mass. 19 ; *Young* v. *Snow*, 167 Mass. 287.

This is an active trust, requiring the performance by the trustee of active and substantial duties in respect to the management of the trust fund for the beneficiaries. The complainant is not the only beneficiary, there are others who are interested in this trust property, the children of the complainant, who take under the will whatever may remain of the property at the death of their mother. The purposes of the trust have not been accomplished, and therefore for this reason a decree should not be entered which would have the effect of terminating the trust at the will of one of the beneficiaries.

The discretion to determine upon the amount of the payments to be made to the complainant, having been vested by the testatrix in the trustee, as we have seen, the exercise of that discretion by him is not subject to the revision of this court, so long as the trustee has exercised that discretion in good faith, according to his best judgment and uninfluenced by improper motives. *Read* v. *Patterson*, 44 N. J. Eq. 211; *Congregational Society* v. *Trustees*, 5 Cush. 454. That this has been done by the trustee is averred in his answer, and is shown by the evidence. The complainant has some little property of her own, a part of which she has been able to accumulate since her mother's death. The payment to her of $12 per month out of this fund, three or four times the amount of the income that can be obtained from this small, and all the time diminishing, principal, will soon exhaust the fund, probably long before she ceases to need assistance.

The appeal must therefore be sustained. The bill will be dis-

missed but without costs.   The defendant may charge the reasonable
and necessary expenses of this litigation in his account as trustee, to
be passed upon by the Probate Court.   The case is remanded for a
decree in accordance with this opinion.

                                                            *So ordered.*