452

Louis Vaughan McLure Clark, Plaintiff-Respondent, v. Mississippi Valley Trust Company, a Corporation, Trustee Under the Will of Charles Clark, Deceased, Mary Denman Wetmore, Defendants-Appellants, Grace Wilson Clark, Defendant, No. 41613—228 S. W. (2d) 808.

Division One, March 13, 1950.

Motion for Rehearing or Modification of Opinion Overruled, April 10, 1950.

*Jacob M. Lashly, Lashly, Lashly, Miller & Clifford* and *George S. Roudebush* for defendant-appellant Mississippi Valley Trust Company, a Corporation, Trustee Under the Will of Charles Clark, Deceased, and *Thomas S. McPheeters* and *Bryan, Cave, McPheeters & McRoberts* for defendant-appellant Mary Denman Wetmore.

*Leahy & Leahy* for plaintiff-respondent John J. Nangle, Executor Under the Will of Louis Vaughan Clark.

ASCHEMEYER, C.—This is an appeal from a decree in favor of the executor of the estate of Louis Vaughan Clark and against Mississippi Valley Trust Company, trustee of a testamentary trust created by Charles Clark, deceased, directing the trustee to pay $20,000.00 from the corpus of the trust estate to said executor and certain physicians and nurses, in payment and reimbursement of medical, hospital, and nursing expenses incurred by Louis Vaughan Clark during his lifetime. The trustee and Mary Denman Wetmore, a niece of Louis Vaughan Clark and the remainderman in the trust, are the appellants.

This is a second appeal in the proceedings brought by Louis Vaughan Clark against Mississippi Valley Trust Company, trustee, to recover certain amounts alleged to be due him under the will of his father, Charles Clark, deceased. The relevant provisions of the will and the facts regarding the contentions of Clark are fully stated in the opinion of this Court rendered upon the first appeal. (See Clark v. Miss. Valley Trust Company, 357 Mo. 785, 211 S. W. (2d) 10.) On the first appeal a decree in favor of Clark was reversed as to two of the claims made by him against the trustee. The third claim of Clark was that the trustee had a duty to encroach upon the corpus of the trust estate in order to pay medical and hospital expenses in the amount of $20,000.00 incurred by him. A decree in Clark's favor for $20,000.00 upon this item was reversed because the evidence was insufficient to justify a finding that Clark had been forced to expend $20,000.00 for medical and hospital services but this issue was remanded, and we then said: "However, we believe, the testator must have intended the trustee should meet such unusual expenses as those entailed by serious illness, and we will not close the issue but leave it open to the trustee's further investigation and exercise of its discretion. The cause will be remanded to the trial court to await the trustee's report of its action."

Following this remand, the trustee obtained from counsel for Clark's executor (Louis Vaughan Clark having died on August 5, 1946) the names of all physicians who had treated Clark in Switzerland during his residence there and the names and location of three

hospitals in which he had been a patient. The trustee then made an investigation of the medical, hospital, and certain living expenses of Clark for the period beginning November 1, 1940, and ending April 6, 1946, when Clark left Switzerland to return to the United States. This investigation was made in September, 1948, by one of the attorneys representing the trustee who had gone to Europe on another mission. According to his testimony, he interviewed all of the physicians, except two who were unavailable, and obtained from them and their records exact information as to the amount of their charges to Clark. In all instances, except one which will be referred to hereafter, all of the medical bills had been paid by Clark. He ascertained the amount of hospital bills, and these bills had been paid. He also ascertained the amount of charges for room and board paid by Clark at three hotels at which he had resided during the period under investigation, and there were no unpaid bills at these hotels.

After this investigation had been completed, the trustee prepared a report which was filed in the trial court on December 9, 1948. The report itemized the amount of medical and hospital expenses incurred and paid by Clark during the period mentioned. This expense aggregated $9,247.20. Only one medical bill in the amount of $208.81, owing to a Dr. Jacot, remained unpaid. The total amount of charges paid by Clark for room and board at Hotel Alexandra in Lausanne, at The Excelsior in Montreux, and at Hotel du Roc at St. Legier was $7,950.20, and there were no unpaid bills at these hotels. The report also showed that during the same period of time, the aggregate income received by Clark from the Charles Clark trust and from a trust created by the will of his mother was $46,629.01.

The report also states that from April, 1946, when Clark returned to St. Louis, Missouri, until August 5, 1946, when he died, he was ill and was under the care of physicians and nurses. The trustee had paid in his behalf expenses in the amount of $4,877.20 incurred from May 28, 1946, to August 5, 1946, for hotel, hospital, nurses, and miscellaneous expenses. Of this amount $3,205.01 was paid from accumulated income in the Charles Clark trust. The balance, $1,672.19, was paid from the corpus of the trust. After Clark's death, the trustee paid $1,103.25 from principal for his funeral and the expense of interment. Thus, the trustee had expended $2,775.44 from corpus for the benefit of Clark and his estate. The report then itemizes medical, hospital, nursing, and hotel expenses in the amount of $1,290.09 incurred after Clark's return to the United States in April, 1946, but not yet paid, and states the intention of the trustee to pay this amount, together with $208.81 to Dr. Jacot, or a total of $1,498.90 out of the principal of the trust fund.

As to the medical and hospital expenses incurred by Clark during his sojourn in Switzerland, the trustee's report has this to say:

"With respect to medical expenses incurred by Clark and paid for by him it is the opinion of the trustee that he was not in such dire extremity at the time such payments were made as to justify the trustee in encroaching upon the principal and reimbursing Clark's estate for the amounts expended by him. During the period when Clark incurred medical and hospital expenses totalling $9,247.20, his hotel expenses for lodging and meals were $7,950.20. He actually did have a sufficient amount to meet these expenses because he paid them during his lifetime. The only bill remaining unpaid from Switzerland was that of Dr. Jacot for the relatively small amount of 900 francs, or $208.81. His aggregate known expenses were thus $17,197.40 during a period in which $46,629.01 was actually received by him. This amount appears to the trustee to be sufficiently greater in amount than Clark's known expenditures to care for contingencies as to which it is impossible for the trustee to procure information. In the opinion of the trustee it cannot be said that under these circumstances the beneficiary was in 'extremity' or that 'imperious necessity' was then affecting the beneficiary."

When the trustee's report was presented to the trial court for approval, counsel for respondent stated orally certain objections and exceptions thereto, the substance of which was: (1) the report was incomplete because it failed to mention the services of Mrs. Artemis Bergamelli as a practical nurse when the trustee was apprised of these services to Clark by a deposition taken in 1946; (2) the income of Clark was not relevant and should not have been considered by the trustee; (3) the trustee erroneously construed the will of Charles Clark; and (4) the trustee improperly exercised its discretion in concluding that Clark's prior medical and hospital expenses should not be reimbursed.

The trial court sustained the objections to the trustee's report, holding that $11,000.00 was due Mrs. Bergamelli for nursing services, that the total amount of medical, hospital, and nursing expenses incurred by Clark was $20,456.01 but that, because of the limitation imposed by this Court's opinion on the first appeal, $20,000.00 should be paid by the trustee out of the principal of the trust fund.

Paragraph eight of the Charles Clark will authorizes the trustee to encroach upon the principal of the trust fund in certain circumstances. It states, in part: "The trustee is not to exceed the income of the trust fund, in whatever form it may be, except in case of extremity of the beneficiary * * *. As to what is such extremity * * * and what amount of the principal is necessary to be used, the trustee shall exercise its best discretion." The intent of the testator is quite clear that there is to be no encroachment upon the principal of the trust unless Clark was in "extremity" and the trustee was vested with the discretion to determine

the existence of such "extremity" and the amount of the principal necessary to be used.

■ Where discretion is conferred upon a trustee with respect to the exercise of a power, the exercise of such discretion is not subject to judicial control except to prevent an abuse of discretion. Courts will not interfere unless a trustee has acted beyond the bounds of a reasonable judgment. The mere fact that the Court may have exercised the discretion differently, if it had the power to act in the first instance, will not justify a judicial interference with the manner in which the trustee has exercised the power. In determining whether an abuse of discretion has occurred, the Courts will consider, among other things, the extent of the discretion intended to be conferred by the terms of the trust and the existence of a standard by which the reasonableness of the trustee's action can be determined. Restatement of the Law of Trusts, Sec. 187; Scott on Trusts (1939) Vol. II, Sec. 187; Koplar v. Rosset, 355 Mo. 496, 196 S. W. (2d) 800, 806; Tansey v. New Brunswick Trust Co., 124 N. J. Eq. 558, 3 A. (2d) 575; In re Hilton, 174 App. Div. 193, 160 N. Y. S. 55. Certainly, the beneficiary of the trust (Clark) had no right to exercise the power of encroachment vested in the trustee nor to prescribe the manner in which the trustee would exercise the discretion which it possessed. Kimball v. Blanchard, 101 Me. 383, 64 A. 645.

■ The standard prescribed by the testator to govern the trustee's exercise of the power of encroachment was that Clark be in "extremity". If Clark did not present a case of "extremity", then the trustee properly refused to exceed the income of the trust fund. We find no judicial definition of the expression "extremity" which is relevant to the context in which this word has been used. According to a standard dictionary the word means, among other things, "extreme need." (Webster's New International Dictionary, Second Edition.) If we accept this meaning of the word, as we think we must, the testator provided: "The trustee is not to exceed the income of the trust fund * * * except in case of the *extreme need* of the beneficiary (Clark)." We must apply this standard to determine whether the trustee has exercised a reasonable judgment or has abused its discretion in limiting the exercise of its power of encroachment to the extent stated in its report.

■ The only evidence presented to the trial court upon the extent of the medical and hospital expense incurred by Clark during his residence in Switzerland was the testimony of the attorney who made the investigation for the trustee. His investigation furnished much of the data which went into the trustee's report. Apparently, respondent is satisfied as to the accuracy of these figures. He has not produced any evidence to show that Clark incurred additional expenses for physicians and hospitals which the trustee did not consider. He

has not shown that Clark failed to secure necessary medical attention because he had insufficient income to pay for it. With the exception of the small amount owing to Dr. Jacot, which the trustee proposed to pay, he has failed to show that Clark incurred any obligation for medical or hospital services which he was not able to pay. He has not shown that, because of his medical expenses, Clark had insufficient income to obtain other things which were essential to his well-being. Clark was advanced in years and was undoubtedly in poor health. During his residence in Switzerland, his expenditures for physicians and hospitals were substantial. Nevertheless, he paid his bills and there is no evidence to indicate that these expenses were not met out of his income.

We cannot agree with respondent's counsel that Clark's income during the ▮▮▮▮ period of his residence in Switzerland was not relevant and should not have been considered by the trustee. We do not see how the trustee could have formed a reasonable judgment as to Clark's alleged condition of extremity without considering the relationship of Clark's expenses to his income. The trustee's report shows that, during the period investigated, Clark's income exceeded his ascertained expenses by approximately $27,000.00. Undoubtedly, Clark had other living expenses which were not disclosed in the trustee's report and which the trustee did not ascertain. But respondent did not submit, either to the trustee or to the trial court, facts from which any additional expense could be determined. Since respondent has asserted that Clark was in such a condition of extremity as to constrain the trustee to encroach upon the principal of the trust fund, it was incumbent upon respondent to present the facts, both to the trustee and the trial court, which would reasonably demonstrate this condition. Respondent has failed to do so. His contention that the trustee abused its discretion in refusing to encroach upon the principal of the trust fund for the purpose of reimbursing Clark's estate to the extent of $9,247.20 expended by Clark for medical and hospital expense is without merit.

▮▮▮ Respondent also contends that the trustee abused its discretion by its failure to take into consideration the obligation of Clark to pay the reasonable value ($11,000.00) of services as a practical nurse rendered by Mrs. Artemis Bergamelli from January, 1943, to the date of Clark's death. Admittedly, Mrs. Bergamelli was not a trained or professional nurse. She accompanied Clark on his trip from Switzerland to St. Louis, but they were also accompanied by a professional male nurse. The attorney who investigated Clark's medical expenses in Switzerland stated that Mrs. Bergamelli was not described to him as a nurse. Rather, she was spoken of as a social acquaintance, and there was talk of an engagement between her and Clark. Mrs. Bergamelli acknowledged that Clark sometimes introduced her as "Mrs. Clark" and that she did not object because

she wanted to humor him. Clark also discussed marriage with her but she did not take it seriously.

Respondent argues that the trustee should have taken into consideration in its report the nursing services of Mrs. Bergamelli because her deposition, taken in April, 1946, put the trustee on notice as to her services. We have examined this deposition, and it refers to the fact that she was in constant attendance upon Clark, that she performed "nursing services as well as the services of a secretary", and that Clark had never paid her anything but said he would when he returned to the United States. There is no statement in the deposition of Mrs. Bergamelli of an intention to present a demand for payment against Clark (who was then living) although she did file a claim against his estate in the Probate Court of the City of St. Louis in September, 1947. Apparently this claim has never been allowed. On June 7, 1948, counsel for respondent wrote to counsel for the trustee furnishing the names of various physicians who had treated Clark in Switzerland and specifying the hospitals in which he had been a patient. While reference is made in this letter to Mrs. Bergamelli, there is no suggestion that she had a claim against Clark which required the trustee's investigation.

Following the death of Clark, we do not believe the trustee was under a duty to recognize the validity of a claim against Clark upon the unsupported statements of Mrs. Bergamelli. Sec. 1887 R. S. 1939, Mo. R. S. A. § 1887; Maness v. Graham, 346 Mo. 738, 142 S. W. (2d) 1009, 1012; Baker v. Lyell, 210 Mo. App. 230, 242 S. W. 703. In addition, we are of the opinion that it was incumbent upon respondent to establish: (1) that Mrs. Bergamelli rendered services to Clark which were necessary to his health and welfare; (2) that such services were rendered under circumstances imposing on Clark a legal obligation to pay; and (3) that Clark failed to pay for such services because his income, in relation to his other necessary expenses, was inadequate. The evidence was insufficient to establish these facts. We hold that the trustee did not abuse its discretion by refusing ▆▆ to encroach upon the principal of the trust fund in order to make provision for payment to Mrs. Bergamelli.

The decree of the Circuit Court of the City of St. Louis is reversed and the cause is remanded with directions to that Court to enter a new decree overruling the objections and exceptions of respondent to the trustee's report and approving such report as filed. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.